UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRIS HUNICHEN, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ATONOMI LLC, et al.,<br><br>　　　　　　Defendants.<br><br>ATONOMI LLC,<br><br>　　　　　　Counterclaimant/Third-Party Plaintiff,<br><br>　　v.<br><br>CHRIS HUNICHEN,<br><br>　　　　　　Counter-Defendant,<br><br>　　&<br><br>DAVID PATRICK PETERS, et al.<br><br>　　　　　　Third-Party Defendants. | CASE NO. C19-0615-RAJ-MAT<br><br>ORDER DENYING DEFENDANT ATONOMI LLC'S MOTION TO BIFURCATE DISCOVERY |

## INTRODUCTION

Atonomi LLC (Atonomi) filed a Motion to Bifurcate Discovery into class- and merits-

ORDER RE: BIFURCATE DISCOVERY
PAGE - 1

based phases. (Dkt. 117.) Plaintiff Chris Hunichen opposes the motion. (Dkt. 119.) The Court, for the reasons set forth below, herein DENIES the motion to bifurcate discovery.

DISCUSSION

Pursuant to Federal Rule of Civil Procedure 23(c)(1)(A), a Court must determine whether an action should be certified as a class action "[a]t an early practicable time[.]" Courts have therefore observed: "Generally at the pre-class certification stage, discovery in a putative class action is limited to certification issues such as the number of class members, the existence of common questions, typicality of claims, and the representative's ability to represent the class." *Gusman v. Comcast Corp.*, 298 F.R.D. 592, 595 (S.D. Cal. 2014) (citation omitted). However, a decision on class certification requires a "'rigorous analysis[] that the prerequisites of Rule 23(a) have been satisfied[.]'" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350-51 (2011) (quoted source omitted). That analysis frequently entails overlap with the merits of the underlying claim "because class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Id*. at 351 (internal quotation marks and quoted sources omitted). The distinction between discovery on the merits and discovery on class certification is not always clear. *Gusman*, 298 F.R.D. at 595. Many courts are, for this reason, reluctant to bifurcate class and merits discovery. *Obertman v. Electrolux Home Care Prods.*, C19-2487, 2020 U.S. Dist. LEXIS 107147 at *4 (E.D. Cal. June 18, 2020) (cited cases omitted).

The Court has broad discretion to determine whether or not to bifurcate discovery prior to certification. *Del Campo v. Kennedy*, 236 F.R.D. 454, 459 (N.D. Cal. 2006). *See generally Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) ("District courts have broad discretion to control the class certification process, and '[w]hether or not discovery will be

permitted . . . lies within the sound discretion of the trial court.'") (quoted and cited cases omitted). The Court may consider factors including: "'(1) the overlap between individual and class discovery, (2) whether bifurcation will promote [Rule] 23's requirement that certification be decided at "an early practicable time," (3) judicial economy, and (4) any prejudice reasonably likely to flow from the grant or denial of a stay of class discovery.'" *Obertman*, 2020 U.S. Dist. LEXIS 107147 at *3 (quoting *True Health Chiropractic Inc v. McKesson Corp.*, No. 13-CV-02219, 2015 U.S. Dist. LEXIS 7015 at *4 (N.D. Cal. Jan. 20, 2015) (citing 1 McLaughlin on Class Actions § 3:10 (11th ed. 2014))).

Atonomi here asserts "good cause" for bifurcation, including expediency and severability. *See* Fed. R. Civ. P. 26(c)(1) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.") Atonomi argues bifurcation will help alleviate the costs related to the proposed class action and the burdens of conducting early merits-based discovery which may ultimately prove unnecessary. (Dkt. 117 at 6; *see also* Dkt. 121.) Plaintiff argues class and merits discovery is inexorably intertwined and that bifurcation will increase discovery disputes, delay the proceedings, and prejudice plaintiff and the class. (Dkt. 119.) Plaintiff points to the parties' agreement of a December 4, 2020 deadline for a motion for class certification as ensuring discovery will be appropriately targeted.

The Court finds an absence of good cause for bifurcation. As is typical, there is necessarily overlap between the class determination and the merits of the underlying claims. *See, e.g.*, *Ahmed v. HSBC Bank USA, N.A.*, C15-2057, 2018 U.S. Dist. LEXIS 2286 at *8-9 (C.D. Cal. Jan. 5, 2018) (explaining courts' reluctance to bifurcate "because the distinction between class certification and merits discovery is murky at best and impossible to determine at worst.") (cited cases omitted). The overlap in this case includes the existence of common questions of law or fact and

ORDER RE: BIFURCATE DISCOVERY
PAGE - 3

predominance under Rule 23(a)(2) and (b)(3).  *See In re Montage Tech. Grp. Ltd. Secs. Litig.*, C14-0722, 2016 U.S. Dist. LEXIS 53734 at *16 (N.D. Cal. Apr. 21, 2016) ("'Considering whether "questions of law or fact common to class members predominate" begins, of course, with the elements of the underlying cause of action.'") (quoting *Erica P. John Fund, Inc., v. Halliburton Co.*, 563 U.S. 804, 809 (2011)); *In re High-Tech Emple. Antitrust Litig.*, 985 F. Supp. 2d 1167, 183 (2013) (same).

Bifurcation would also likely delay, rather than advance a determination of class certification.  This is evident in both the history of this case as a general matter and in already existing discovery disputes (*see, e.g.,* Dkt. 119 at 7 and Dkt. 120, Ex. A (objections to "merits-based" discovery), and Exs. F-G (alleging evidence spoliation)).  As found by other courts, "[s]eparating merits and class discovery 'raise[s] a slew of issues as to what discovery relates to the class, as opposed to the named plaintiffs, thereby causing additional litigation regarding the distinction between the two.'"  *Ahmed*, 2018 U.S. Dist. LEXIS 2286  at *9 (quoting *True Health Chiropractic Inc.*, 2015 U.S. Dist. LEXIS 7015 at *7-8 (also stating:  "Nothing prevents the parties from simultaneously engaging in both class and individual discovery, which will not result in the common problem [of disputes over the distinction between merits or certification discovery].") (citing Manual for Complex Litigation (4th) § 11.213 ("Discovery may proceed concurrently if bifurcating class discovery from merits discovery would result in significant duplication of effort and expense to the parties.")))

Judicial economy favors non-bifurcated discovery.  For instance, plaintiff clarifies his intent to pursue his individual claim even if certification is denied, while Atonomi now proceeds as a counterclaimant and third-party plaintiff.  Timely discovery on the merits will be relevant whether or not plaintiff succeeds in certifying a class.  *See id*. at 10-11 ("'[A]rbitrary insistence on

the merits/class discovery distinction sometimes thwarts the informed judicial assessment that current class certification practice emphasizes.' For example, even if the class is not certified, the case will still continue and the discovery produced during the course of the case will be relevant and useful for the remainder of the case.") (quoting *Mbazomo v. ETourandTravel, Inc.*, C16-2229, 2017 U.S. Dist. LEXIS 82411 at *12  (E.D. Cal. May 30, 2017); other cited cases omitted).

Finally, bifurcation of discovery poses significant prejudice to plaintiff, "who must meet a high burden to show certification of the class is proper."  *Obertman*, 2020 U.S. Dist. LEXIS 107147 at *5.  In contrast, prejudice to Atonomi and the other defendants is minimized by the unavoidable overlap with merits discovery, the ongoing relevance of merits discovery beyond class certification, and the avoidance of disputes over what does and does not constitute solely class-based discovery.  For this reason and for the reasons stated above, the Court concludes bifurcation of discovery is not warranted.

## CONCLUSION

Atonomi LLC's Motion to Bifurcate Discovery (Dkt. 117) is DENIED.  The Court orders the parties to proceed with both class- and merits-based discovery.

DATED this 28th day of September, 2020.

*[signature]*

Mary Alice Theiler
United States Magistrate Judge