1

2

3

4

5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

6

7

CHRIS HUNICHEN, individually and on
behalf of all others similarly situated,

8

CASE NO. C19-0615-RAJ-MAT

Plaintiff,

9

v.

10

ATONOMI LLC, et al.,

11

Defendants.

REPORT AND RECOMMENDATION

12

13

ATONOMI LLC,

14

Counterclaimant/Third-
Party Plaintiff,

15

v.

16

CHRIS HUNICHEN,

17

Counter-Defendant,

18

&

19

DAVID PATRICK PETERS, et al.

20

Third-Party Defendants.

21

22

<u>INTRODUCTION</u>

23

Counter-defendants David Patrick Peters, Sean Getzwiller, David Cutler, Chance Kornuth,

REPORT AND RECOMMENDATION
PAGE - 1

and Dennis Samuel Blieden and plaintiff/counter-defendant Chris Hunichen (hereinafter referred to collectively as "counter-defendants") filed a Motion to Dismiss Counterclaim and Third Party Claims. (Dkt 96.) Defendant/counterclaimant Atonomi LLC ("Atonomi") opposes the motion. (Dkt. 112.) Both counter-defendants and Atonomi request oral argument. The Court finds oral argument unnecessary and, for the reasons set forth below, recommends the motion to dismiss be DENIED without prejudice.

<u>BACKGROUND</u>

Hunichen initiated this matter, individually and on behalf of all others similarly situated, alleging violation of the Washington State Securities Act (WSSA), RCW 21.20.010 et seq., through the sale of unregistered, non-exempt securities. (Dkt. 15.) The claims relate to Atonomi's sale of "ATMI tokens" to raise capitol to develop "blockchain" technology. The sale consisted of a pre-sale in which counter-defendants and others signed a Simple Agreement for Future Tokens ("SAFT"), followed by a public sale of tokens. Atonomi responded to the First Amended Complaint with an answer and counterclaim against Hunichen and a Third Party Complaint against the other counter-defendants, alleging breach of contract, fraud, and civil conspiracy. (Dkts. 81 & 82.) Counter-defendants now move to dismiss the counterclaim and third party claims.

<u>DISCUSSION</u>

Counter-defendants seek dismissal under Federal Rule of Civil Procedure 12(b)(1) based on absence of standing and therefore subject matter jurisdiction, under Rule 12(b)(2) based on absence of personal jurisdiction, and under Rule 12(b)(6) for failure to state a claim on which relief may be granted. Atonomi opposes both the motion to dismiss and the Court's consideration of evidence proffered by counter-defendants in support of the motion. The undersigned here recommends the motion to dismiss be denied without prejudice.

REPORT AND RECOMMENDATION
PAGE - 2

A.    Subject Matter Jurisdiction

A federal court has subject matter jurisdiction over a suit presenting a "case" or "controversy." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559 (1992) (citing U.S. Const. art. III, § 2). "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy." *Spokeo, Inc. v. Robins*, ___ U.S. ___, 136 S.Ct. 1540, 1547, 194 L.Ed.2d 635 (2016). To meet the "'irreducible constitutional minimum'" of standing, a plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id*. (quoting *Lujan*, 504 U.S. at 560–61 (stating there must be a "causal connection" between the injury and the conduct, and redress must be "likely, as opposed to merely speculative")).

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may be facial or factual. *Inst. of Cetacean Research v. Sea Shepherd Conservation Soc'y*, 153 F. Supp. 3d 1291, 1298-99 (W.D. Wash. 2015) (citing *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)). A facial attack asserts insufficiency of the allegations on the face of the complaint. *Id*. The factual allegations are accepted as true and construed in the light most favorable to the nonmoving party. *Id*. (citation omitted). With a factual attack, "the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air For Everyone*, 373 F.3d at 1039. In resolving a factual attack, the Court may review affidavits and other evidence beyond the complaint and need not presume the truth of the allegations. *Id*. (citations omitted). *See also Walsh v. Microsoft Corp.*, 63 F. Supp. 3d 1312, 1318 (W.D. Wash. 2014) ("When considering a [Rule] 12(b)(1) motion to dismiss, the Court is not restricted to the face of the pleadings, but may review any evidence to resolve factual disputes concerning the existence of jurisdiction. [The] motion can attack the substance of a complaint's jurisdictional

1    allegations despite their formal sufficiency [and] may rely on affidavits or any other evidence

2    properly before the court.") (internal and other citations omitted).  However, once converted into

3    a factual motion, "the party opposing the motion must furnish affidavits or other evidence

4    necessary to satisfy its burden of establishing subject matter jurisdiction." *Safe Air For Everyone*,

5    373 F.3d at 1039 (citation omitted).  In either instance, the party invoking federal jurisdiction bears

6    the burden of establishing standing.  *Inst. of Cetacean Research*, 153 F. Supp. 3d at 1299 (citing

7    *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

8         Counter-defendants do not restrict themselves to challenging the sufficiency of plaintiff's

9    allegations on the face of the pleadings.  They rely on extrinsic evidence to support their contention

10   Atonomi's claims do not show an injury fairly traceable to their conduct.  (*See* Dkt. 96 at 13-15

11   (citing, *inter alia*, Dkt. 97, Exs. C-K).)  They argue, for example, that blockchain transaction

12   records show they sold only a small portion of the total number of ATMI tokens issued, far less

13   than sold by others and only long after the price of the tokens had plummeted, and could not have

14   plausibly contributed to a "crashing" of the ATMI token's price as alleged by Atonomi.  (*See id*.)

15        Atonomi asserts the sufficiency of its allegations, including injury suffered from counter-

16   defendants' "willful and malicious transfer and 'dumping'" of tokens shortly after they were

17   unlocked and in violation of their contractual agreements not to do so, depriving Atonomi of its

18   rights under the SAFTs and causing a "chain reaction" of a supply of tokens higher than demand,

19   diminished trading value, and inducement for other to panic and "'dump'" their tokens.  (Dkt. 112

20   at 13-14 (citing Dkt. 82, ¶¶27, 45, 56, 64, 68).)   Atonomi contends counter-defendants' factual

21   allegations to the contrary cannot be considered on a motion to dismiss (*see id*. at 13-14 & n.2)

22   and, with that understanding, does not provide affidavits or other evidence allowing for a

23   conversation into a factual motion.  The Court is therefore unable to resolve the motion as

REPORT AND RECOMMENDATION
PAGE - 4

presented without additional briefing and evidence.

The Court also, as discussed below, finds the requests for dismissal under both Rule 12(b)(2) and Rule 12(b)(6) properly denied without prejudice to re-filing, and further discovery necessary before the Court may resolve arguments on the merits raised by counter-defendants. The Court therefore similarly recommends the request for dismissal based on an absence of standing be denied without prejudice to re-filing at a later date and with complete and supported responsive briefing from Atonomi.

B.    <u>Personal Jurisdiction</u>

With a Rule 12(b)(2) motion to dismiss, plaintiff bears the burden of demonstrating the existence of personal jurisdiction. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). In resolving the motion, the Court may consider affidavits, declarations, and other evidence outside of the pleadings. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001), *abrogated on other grounds by Williams v. Yamaha Motor Co. Ltd.*, 851 F.3d 1015 (9th Cir. 2017). However, where a motion is based on written materials, rather than an evidentiary hearing, the plaintiff "'need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss.'" *Schwarzenegger*, 374 F.3d at 800. "'That is, the plaintiff need only demonstrate facts that if true would support jurisdiction over the defendant.'" *Doe*, 248 F.3d at 922 (quoting *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995)). Although plaintiff may not rely on the bare allegations in the complaint, uncontroverted allegations must be taken as true and any factual disputes are resolved in plaintiff's favor. *Schwarzenegger*, 374 F.3d at 800. *Accord Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015).

The exercise of personal jurisdiction over a nonresident defendant requires both the satisfaction of the requirements of the forum state's long-arm statute, and the requirements of

federal due process. *Chan v. Society Expeditions*, 39 F.3d 1398, 1404-05 (9th Cir. 1994). Washington's long-arm statute confers personal jurisdiction to the extent due process allows. *Id.* Because Washington's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analysis under state law and federal due process are the same. *Schwarzenegger*, 374 F.3d at 800-01. *Accord IP Innovation, L.L.C. v. RealNetworks, Inc.*, 310 F. Supp. 2d 1209, 1212 (W.D. Wash. 2004) (citing, *inter alia*, *Chan*, 39 F.3d at 1405 and Wash. Rev. Code § 4.28.185). Satisfaction of due process occurs when a nonresident defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 (1984) (internal quotation marks and quoted sources omitted).

Personal jurisdiction may be either general or specific. *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000), *holding modified on other grounds as explained in Yahoo! Inc. v. La Ligue Contre Le Racisme*, 433 F.3d 1199, 1206-07 (9th Cir. 2006). The parties here agree only specific jurisdiction is at issue. (*See* Dkt. 96 at 21 & Dkt. 112 at 15.) Specific jurisdiction requires a showing the nonresident defendant purposefully established significant contacts with the forum state, and that the cause of action arises out of or is related to the defendant's forum contacts. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-73 (1985). In the Ninth Circuit, courts analyze specific jurisdiction under a three-part test:

> (1) The non-resident defendant must *purposefully direct his activities* or consummate some transaction with the forum or resident thereof; or perform some act by which he *purposefully avails himself* of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

REPORT AND RECOMMENDATION
PAGE - 6

*Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1227-28 (9th Cir. 2011) (cited sources omitted; emphasis retained).  If plaintiff satisfies the first two steps, the burden shifts to defendant to set forth a "'compelling case' that the exercise of jurisdiction would not be reasonable."  *Id.* at 1228 (quoting *Burger King Corp.*, 471 U.S. at 476-78).

The first prong in the specific jurisdiction analysis "may be satisfied by purposeful availment of the privilege of doing business in the forum; by purposeful direction of activities at the forum; or by some combination thereof."  *Yahoo! Inc.*, 433 F.3d at 1206.  Courts typically consider purposeful availment in suits sounding primarily in contract, and purposeful direction in suits sounding primarily in tort.  *Schwarzenegger*, 374 F.3d at 802.  *See also Boschetto v. Hansing*, 539 F.3d 1011, 1016-19 (9th Cir. 2008); *Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 1990).

"A showing that a defendant purposefully availed himself of the privilege of doing business in a forum state typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract there."  *Schwarzenegger*, 374 F.3d at 802.  By taking such actions, a defendant "'purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws[,]'" *id.* (quoting *Hansen v. Denckla*, 357 U.S. 235, 253 (1958)), such that the defendant should reasonably anticipate being haled into court there, *Harris Rutsky & Co. Ins. Svcs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1130 (9th Cir. 2003) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).  This requirement "ensures that a nonresident defendant will not be haled into court based upon random, fortuitous, or attenuated contacts with the forum state."  *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002) (citing *Burger King Corp.*, 471 U.S. at 475).

"A showing that a defendant purposefully directed his conduct toward a forum state, by contrast, usually consists of evidence of the defendant's actions outside the forum state that are

REPORT AND RECOMMENDATION
PAGE - 7

directed at the forum, such as the distribution in the forum state of goods originating elsewhere." *Schwarzenegger*, 374 F.3d at 803. Purposeful direction allows a defendant to be haled into the forum notwithstanding a lack of any physical contacts with the forum, and provides for "'jurisdiction over a defendant whose only "contact" with the forum state is the "purposeful direction" of a *foreign* act having *effect* in the forum state.'" *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1485 (9th Cir. 1993) (quoting *Haisten v. Grass Valley Medical Reimbursement Fund*, 784 F.2d 1392, 1397 (9th Cir. 1986)) (emphasis retained). In considering purposeful direction, courts in the Ninth Circuit apply a three-part "effects" test, based on the Supreme Court's decision in *Calder v. Jones*, 465 U.S. 783 (1984), and requiring that the defendant allegedly "'(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.'" *Yahoo! Inc.*, 433 F.3d at 1206 (quoting *Schwarzenegger*, 374 F.3d at 803).

Counter-defendants deny any contact between the third-party defendants (TPDs) and Washington State other than to agree, through Hunichen, to sign SAFTs. In declarations, the TPDs attest they are not residents of Washington and that their "dealings with Atonomi have been limited to receiving and signing the SAFT, filling out Atonomi's investor questionnaire, and sending [their] investment[.]" (Dkts. 98, 106-09, ¶4.) Counter-defendants argue the mere existence of a contract, with no negotiations or substantive acts directed at the forum other than merely sending back a signed contract, questionnaire, and investment funds, does not suffice to establish specific jurisdiction. *Burger King Corp.*, 471 U.S. at 478 (existence of contract alone does not constitute sufficient minimum contacts); *Roth v. Garcia Marquez*, 942 F.2d 617 (9th Cir. 1991) (same).

Atonomi asserts the existence of specific jurisdiction through application of the purposeful direction test to the fraud and conspiracy counterclaim and third party claims. That is, Atonomi

asserts minimum contacts because counter-defendants (1) committed the intentional acts of fraud, misrepresentation, and concert of action as set forth in the pleadings, (2) with the knowledge and intent that the effects of their actions would harm Atonomi, and (3) that that harm was felt by Atonomi. (*See* Dkt. 81, ¶¶44-52, 56-59 & Dkt. 82, ¶¶49-57, 61-64 (alleging agreements to "trade, attempt to sell, and/or sell" ATMI tokens for "quick monetary returns" or to otherwise injure Atonomi, in violation of the WSSA and SAFTs, intentionally, and without Atonomi's knowledge, inducing Atonomi's reliance on the false representations in the SAFTs, and the subsequent release and downfall of the Atonomi Network and tokens; also alleging counter-defendants acted as a "'confederation'", breaching their SAFTs and fraudulently inducing Atonomi to enter into SAFTs, in order to enrich themselves at Atonomi's expense, with this "scheme and conspiracy" substantially contributing to the downfall of the network and tokens).)  Atonomi also asserts the significance of the signed SAFTs given its allegation that, in reliance on the clauses within those documents, it pursued a business relationship with counter-defendants, which effected Atonomi by rendering the Atonomi Network "valueless." (Dkt. 112 at 16.)

Counter-defendants do not, in their reply, substantively respond to the assertion of personal jurisdiction through purposeful direction.  They state: ". . . Atonomi, again, conclusorily, states that because it has alleged fraud and accused the TPDs of perpetrating it, personal jurisdiction is a foregone conclusion.  That is not the point of the personal jurisdiction inquiry." (Dkt. 113 at 12 (internal citation omitted).)  However, Atonomi need only set forth a prima facia showing of jurisdictional facts to withstand the motion to dismiss.  Because Atonomi appears to meet that burden with specific jurisdiction through purposeful direction, the Rule 12(b)(2) motion should be denied, with the denial without prejudice to re-filing as may be warranted.

///

REPORT AND RECOMMENDATION
PAGE - 9

C.    <u>Failure to State a Claim</u>

In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must determine whether the complaint alleges factual allegations stating a claim for relief that is "'plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). While detailed factual allegations are not necessary, a complaint must offer "more than labels and conclusions" and contain more than a "formulaic recitation of the elements of a cause of action[.]" *Twombly*, 550 U.S. at 555. Dismissal is appropriate if the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). The Court accepts all facts alleged in the complaint as true, and draws all inferences in the light most favorable to the non-moving party, *Barker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009), but is not bound to accept the non-moving party's legal conclusions, *Iqbal*, 556 U.S. at 678.

As a general matter, the Court may not consider material beyond the complaint in ruling on a motion under Rule 12(b)(6). *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). Exceptions to this rule include material properly submitted as a part of the complaint, the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018); *Lee*, 250 F.3d at 688.

Under Rule 201, the Court may take judicial notice of an adjudicative fact "not subject to reasonable dispute" because it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). This allows

REPORT AND RECOMMENDATION
PAGE - 10

1    for consideration of "'matters of public record'" but not "disputed facts contained in such public

2    records." *Khoja*, 899 F.3d at 1002 (quoting *Lee*, 250 F.3d at 689-90).  Specifically, the Court may

3    not take judicial notice of facts favorable to the moving party that could be reasonably disputed.

4    *U.S. v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee*, 250 F.3d at 689-90).

5          A document is incorporated by reference where "the plaintiff's claim depends on the

6    contents of a document, the defendant attaches the document to its motion to dismiss, and the

7    parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly

8    allege the contents of that document in the complaint."  *Knievel v. ESPN*, 393 F.3d 1068, 1076

9    (9th Cir. 2005). This doctrine "prevents plaintiffs from selecting only portions of documents that

10   support their claims, while omitting portions of those very documents that weaken – or doom –

11   their claims." *Khoja*, 899 F.3d at 1002.  However, to invoke the doctrine, it is not enough to rely

12   on the mere mention of the existence of a document.  *Id*.  Nor does a document necessarily form

13   the basis of a complaint where it merely creates a defense to well-pled allegations.  *Id*.  Allowing

14   a defendant to utilize the doctrine "to insert their own version of events into the complaint to defeat

15   otherwise cognizable claims[]" would convert a motion to dismiss into a motion for summary

16   judgment, without providing a plaintiff the opportunity to respond to the new version of facts

17   presented by a defendant.  *Id*. at 1002-03.

18         Counter-defendants' Rule 12(b)(6) motion relies on materials outside the pleadings,

19   including blockchain transaction records, conversations and snapshots of text messages from

20   "Telegram" messaging application accounts, and a copy of an "Atonomi Network" announcement

21   posted to a website.   (Dkt. 97, Exs. A-K.)  Counter-defendants assert the blockchain evidence is

22   publicly available, unalterable, and not subject to reasonable dispute as a public record.  *See*

23   *generally Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1204 (N.D. Cal. 2014) (courts can take

judicial notice of "publically accessible websites"); *United States v. Gratkowski*, 964 F.3d 307, 309 n.2 (5th Cir. 2020) (defining blockchain as "a technological advancement that permits members in a shared network to 'record a history of transactions on an immutable ledger.'") (citations omitted).  They also contend the blockchain evidence is incorporated by reference because Atonomi necessarily accessed it to describe a select number of transactions in the pleadings.  (*See* Dkt. 81, ¶¶28-32; Dkt. 82, ¶¶29-37.)  They point to the conversations and text message excerpts taken from Telegram accounts and the Atonomi announcement as containing admissions of a party opponent admissible under Federal Rule of Evidence 801(d)(2).

Atonomi argues the Court may not take judicial notice of the blockchain records given disputes over the content of this evidence.  *See Khoja*, 899 F.3d at 999-1001 (district court improperly took judicial notice of transcript submitted with SEC filings and agency report where the substance of those materials was "'subject to varying interpretations" and there was reasonable dispute as to what they established).  It also asserts the failure to establish authenticity and accuracy, the failure to include all relevant records, and ongoing discovery of evidence related to token transfers.  Atonomi further rejects the alleged incorporation by reference of the blockchain records as improperly seeking to use materials never mentioned in the complaint as a defense to well-pled allegations.  *See id.* at 1002-03.  Atonomi, finally, denies any contention its inclusion of a WSSA-based fraud claim constitutes an admission the ATMI tokens are securities, contending it bases this claim on the SAFT securities, not the tokens themselves.

Counter-defendants fail to support the proper consideration of the blockchain evidence through judicial notice or the doctrine of incorporation-by-reference.  Specifically, the Court is not persuaded the blockchain evidence is necessarily complete, its contents not subject to reasonable dispute or varying interpretation, and its use not improper as a defense to otherwise cognizable

claims. Notably, counter-defendants fail to identify a single case in which a Court has found such evidence properly considered in support of a Rule 12(b)(6) motion to dismiss.[1] Nor would the alleged admissibility of the conversations, text messages, and announcement provide for consideration of that evidence under Rule 12(b)(6). That is, counter-defendants here contend the evidence is admissible in containing party admissions, but fail to support its consideration as materials properly subject to judicial notice or through incorporation-by-reference. *See, e.g., Missud v. Oakland Coliseum Joint Venture*, C12-2967, 2013 U.S. Dist. LEXIS 29915 at *35-36 (N.D. Cal. Mar. 5, 2013) (declining to take judicial notice of the contents of unverified web pages over defendants' objection: "Plaintiff argues that the statements are admissible non-hearsay as party admissions. However, the question at this juncture, resolution of a 12(b)(6) motion, is not whether the statements are admissible as evidence but whether the contents are the proper subject of judicial notice. They are not.")[2]

The Court, in sum, does not find any of the extrinsic evidence relied upon by counter-defendants properly considered in support of the motion to dismiss for failure to state a claim. The Court further agrees with Atonomi's depiction of this motion as prematurely presenting a motion for summary judgment cloaked as a motion to dismiss. For example, counter-defendants

---

[1] Atonomi cites to authority questioning the admissibility of blockchain evidence. *See, e.g.*, *Blockchain Receipts: Patentability and Admissibility in Court*, 16 Chi.-Kent J. Intell. Prop. 440, 444-45 (Apr. 2017) ("[T]he admissibility of these distributed ledger receipts has not been entirely settled."; "[B]lockchain evidence, as an out-of-court 'assertion' utilized to prove the truth of the matter, would probably be subject to both hearsay scrutiny and possibly Confrontation Clause analysis.") (citing *U.S. v. Lizarraga-Tirado*, 789 F.3d 1107, 1110 (9th Cir. 2015)).

[2] Counter-defendants point to *Hernandez v. Wells Fargo & Company*, C18-7354, 2019 U.S. Dist. LEXIS 114817 *14-15 (N.D. Cal. July 10, 2019), in support of the contention "party admissions may be judicially noticed for the truth of the matter if requested by the opposing party. FRE 801(d)(2)." However, in *Hernandez*, the court addressed SEC filings and other documents that were "a matter of public record as they are publically filed[,]" and clarified they could be "judicially noticed in their entirety for their contents because they are party admissions."

REPORT AND RECOMMENDATION
PAGE - 13

1    argue:  "The Court can, and indeed must, review [the blockchain] records to see that Atonomi's

2    claims are directly contradicted by actual, discernable, publicly known facts, including the wallet

3    transaction records for DNA Fund, which Atonomi once called its 'strategic partner,' and the

4    transaction records for Hunichen and each [TPD]."  (Dkt. 96 at 2-3.)  In other words, in support of

5    their contention Atonomi fails to state a claim on which relief may be granted, counter-defendants

6    contrast their individual blockchain transaction records with those of the DNA Fund (*see* Dkt. 97,

7    Exs. D-J), an entity that is neither a party to this suit, nor mentioned or relied upon in the pleadings.

8    This and other arguments are properly considered in a motion for summary judgment, which would

9    provide Atonomi the opportunity to submit evidence in support of its claims.  *Cf. In re Immune*

10   *Response Sec. Litig.*, 375 F. Supp. 2d 983, 995-96 (S.D. Cal. 2005) (declining to incorporate

11   exhibits in SEC action where the complaint did not mention or rely on them and the defendants

12   instead "offer[ed] the documents as evidence that Defendants did not commit a securities

13   violation").

14          Nor does the Court find it possible to resolve the motion without consideration of the

15   extrinsic materials or appropriate to convert it into a motion for summary judgment under Rule 56.

16   *See* Fed. R. Civ. P. 12(d) (where matters outside the pleadings are presented and not excluded by

17   the Court, the motion must be treated as one for summary judgment and disposed of under Rule

18   56).  The arguments in support of dismissal are inseparable from the attached extrinsic materials,

19   as well as other evidence cited throughout the briefing (*see, e.g.*, Dkt. 96 at 6, n.5 (citing to a

20   "YouTube video" that "has since been taken offline").)  There is minimal discussion directed to

21   the plausibility of the counterclaim and third-party claims on their face.  Moreover, the parties only

22   recently began to engage in discovery.  A conclusion as to the existence of any genuine disputes

23   of material facts or determination of entitlement to judgment as a matter of law under Rule 56

REPORT AND RECOMMENDATION
PAGE - 14

would be premature.  *See* Fed. R. Civ. P. 56(a).

The Court does not, however, mean to suggest further argument as to the viability of the counterclaim and third-party claims is not warranted.  Counter-defendants' arguments may well be persuasively set forth in another form and/or at a later date.  The Rule 12(b)(6) motion should, accordingly, be denied without prejudice.

CONCLUSION

For the reasons set forth above, the Motion to Dismiss Counterclaim and Third Party Claims (Dkt. 96) should be DENIED.  The dismissal should be without prejudice to re-filing for dismissal or summary judgment as may be warranted.  A proposed order accompanies this Report and Recommendation.

OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **October 23, 2020**.

DATED this 6th day of October, 2020.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 15