HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRIS HUNICHEN, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>ATONOMI LLC, *et al.*,<br><br>    Defendant.<br><br>ATONOMI LLC; a Delaware LLC,<br><br>    Counterclaimant,<br><br>    v.<br><br>CHRIS HUNICHEN,<br><br>    Counter-Defendant. | Case No. 2:19-cv-00615-RAJ-MAT<br><br>REVISED ORDER |

This matter comes before the Court on the objections to the Report and Recommendation of the Honorable Mary Alice Theiler, United States Magistrate Judge,

REVISED ORDER – 1

filed by multiple Defendants. Dkt. # 90. Having carefully reviewed the Report and Recommendation, the objections and responses to that, and the remaining record, the Court **DECLINES** to adopt the Report and Recommendation and **DENIES** Plaintiff Chris Hunichen's Motion for Preliminary Injunction. Dkt. # 44.

The underlying facts for this matter have been amply addressed in the Report and Recommendation, and the Court need not repeat them here.

## I.  DISCUSSION

### A.  Report and Recommendation

Earlier this year, Mr. Hunichen moved for a preliminary injunction, seeking to freeze Defendants' assets to the extent that they were "derived from or traceable to the Atonomi ICO." Dkt. # 44 at 21. Defendants opposed the motion. Dkt. ## 49, 56. On June 2, 2020, the Magistrate Judge issued a Report and Recommendation ("Report"). Dkt. # 86.

In her Report, the Magistrate Judge recommends granting the motion. She concludes that Mr. Hunichen has met his burden under *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008), entitling him to the injunctive relief he requests, with some modifications. She reasons that Mr. Hunichen established a likelihood of success on the merits (or at least raised "serious questions" as to the merits) because he has shown that the Simple Agreement for Future Tokens ("SAFT") and "ATMI Tokens" are unregistered securities sold in violation of the Washington State Securities Act. Dkt. # 86 at 7-21. She reasons that Mr. Hunichen established a likelihood of irreparable harm, having shown that Defendants have engaged in the "substantial, if not complete, dissipation of funds from their [ATMI Token] sale." *Id.* at 22. Finally, she reasons that the balance of equities favors a preliminary injunction because there is some evidence that the Atonomi project has been abandoned, diminishing Mr. Hunichen's chances of recovery, and that the public interest also favors a preliminary injunction because securities laws should be enforced. *Id.* at 23-24.

REVISED ORDER – 2

The assets of Atonomi and CENTRI, the Magistrate Judge concludes, should be frozen. Dkt. # 86 at 24-25. But, according to her, the assets of the individual defendants should not be. *Id.*

Several Defendants objected to the Report. Dkt. # 90. They also objected to a proposed preliminary injunction order submitted by Mr. Hunichen at the Magistrate Judge's request. Dkt. # 91. Mr. Hunichen responded to the Defendants' objections to the Report. Dkt. # 95.

A district court must "make a de novo determination of those portions of the report to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72. After conducting a de novo review of the Report, the Court finds that based on the evidence offered Mr. Hunichen has failed to show irreparable harm. Thus, injunctive relief is inappropriate.

**B.  Irreparable Harm**

To obtain an asset freeze, a party must show "a likelihood of dissipation of the claimed assets, or other inability to recover monetary damages, if [injunctive] relief is not granted." *Johnson v. Couturier*, 572 F.3d 1067, 1085 (9th Cir. 2009) (finding likely dissipation when defendant diverted nearly $35 million into his personal bank account and was capable of placing assets "beyond the reach of a judgment"); *see also In re Focus Media Inc.*, 387 F.3d 1077, 1086 (9th Cir. 2004) (finding "the specter of irreparable harm" because of "evidence in the record" that defendant "made away with [the bankrupt company's] funds"); *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 881 (9th Cir. 2003) (finding no error in district court's finding of irreparable injury given defendant's "history of fraudulent intra-family transfers"); *F.T.C. v. Affordable Media*, 179 F.3d 1228, 1236 (9th Cir. 1999) (finding no error in district court's finding of likely dissipation given defendants' "history of spiriting their commissions away to a Cook Islands trust").

REVISED ORDER – 3

Here, the evidence of asset dissipation is slim.  The evidence offered comes in two forms.  The first is statements from some Atonomi employees about what was done with ICO funds.  It appears that some employees have said that CENTRI used the ICO funds to "pay its bills."  Dkt. # 15-1 at 13, 15; *see also* Dkt. # 46 at 54.  The second is evidence that, since the ICO, Defendants have attended an international conference and sponsored a VIP event.  Dkt. # 15-1 at 17; Dkt. # 46 at 56-57.

That is a far cry from the evidence of dissipation described in the case law.  In *Couturier*, the defendant, over the span of five years, diverted nearly $35 million into his personal bank account.  572 F.3d at 1085.  In *In re Focus Media*, there was "substantial evidence" that the defendant "made away" with $20 million from a bankrupt company.  387 F.3d at 1086.  And in *Connecticut General*, plaintiffs cited defendants' history of fraudulent "intra-family transfers," including the sale of an entire surgery clinic from a husband to his wife for $20,000 and the purchase of a mansion in their son's name.  321 F.3d at 880.  All the Court has before it here are general statements on the misuse of ICO funds and the attendance of an international conference.

The statements regarding misappropriation were not made under penalty of perjury, and whether those who made those statements had personal knowledge is in question.  Dkt. # 15-1 at 13-15; Dkt. # 50 ¶¶ 91, 102; Dkt. # 51 ¶ 5 (Grant Fjermdal declaring that his statements cited by Mr. Hunichen were based on "gossip").  Those statements alone give the Court little basis to believe that Defendants have shuffled, or are shuffling, ICO proceeds to keep them out of this Court's reach should Mr. Hunichen prevail.  They do not show, for example, that Defendants have tucked away millions of dollars to foreign islands or funneled them into personal bank accounts.  Likewise, the evidence of attending a single international conference and sponsoring a VIP event reveals little about dissipation.  The Court has no idea how much was spent or what a "VIP event" entails.  Hence, the evidence provided by Mr. Hunichen is insufficient to find dissipation.

REVISED ORDER – 4

Dissipation aside, a moving party may also justify an asset freeze if there is some "other inability" to recover monetary damages. *Couturier*, 572 F.3d at 1085. Mr. Hunichen suggests that Atonomi is largely defunct. He says that the ATMI token is a "dead coin," its trading price collapsing over 99.4 percent since its release. Dkt. # 46 at 49-51. He also says that, based on press releases and LinkedIn profiles, Defendants have abandoned the ATMI project and that many Defendants no longer work at Atonomi or CENTRI. Dkt. # 44 at 19-20; Dkt. # 59 at 8. On the other hand, Defendants' outlook is more optimistic. Based on Defendants' evidence, the "Atonomi Network is fully functional and autonomous and remains up and running," and there is "substantial customer interest in the Atonomi Network." Dkt. # 53 ¶¶ 2, 5.

Company departures and outdated press releases may cast some doubt on Atonomi and CENTRI's operations. But, in all, they shed little light on their financial condition and ability to pay damages, especially given Defendants' account. Evidence of ATMI Token's plummeting market value is also inconclusive. To be sure, the Court shares Mr. Hunichen's concerns that the projects here have long been abandoned and that much of the ICO proceeds have been exhausted. But it cannot firmly reach that conclusion with the evidence it has been given.

Mr. Hunichen has failed to show that an asset freeze is warranted. Because a party seeking a preliminary injunction must satisfy all four preliminary injunction factors, the Court need not address the likelihood of success on the merits, balance of the equities, or public interest. *All. for the Wild Rockies v. Pena*, 865 F.3d 1211, 1223 (9th Cir. 2017). No preliminary injunction should issue here.

## II.   CONCLUSION

For the reasons stated above, the Court finds and **ORDERS**:

(1) The Court **DECLINES** to adopt the Report and Recommendation (#86);

(2) Plaintiff Chris Hunichen's Motion for Preliminary Injunction (Dkt. # 44) is
    **DENIED**.

REVISED ORDER – 5

(3) The Clerk is directed to send copies of this Order to the parties and to Judge Theiler.

DATED this 28th day of December, 2020.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

REVISED ORDER – 6