# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| CHRIS HUNICHEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ATONOMI LLC, et al.,<br><br>Defendants.<br><br>ATONOMI LLC,<br><br>Counterclaimant/Third-Party Plaintiff,<br><br>v.<br><br>CHRIS HUNICHEN,<br><br>Counter-Defendant,<br><br>&<br><br>DAVID PATRICK PETERS, et al.<br><br>Third-Party Defendants. | C19-0615-RAJ-SKV<br><br><br><br>ORDER DENYING MOTION TO STAY CLASS CERTIFICATION DEADLINES |

## INTRODUCTION

Defendants Atonomi LLC, CENTRI Technology, Inc., M37 Ventures Inc. (M37), Rob

Strickland, Wayne Wisehart, Don DeLoach, Mike Mackey, James Salter, and Vaughan Emery (hereinafter collectively "Movants") filed a Motion to Stay Class Certification Deadlines. Dkt. 194. They seek a stay of the class certification deadlines pending the Court's ruling on a future motion for preliminary approval of a settlement agreement reached between Plaintiff Chris Hunichen and Defendants LaunchCapital LLC (Launch), Woody Benson, and David Fragale (hereinafter collectively "Settling Parties"). Plaintiff opposes the motion. Dkt. 200. The Court, for the reasons discussed below, DENIES the motion to stay.

## RELEVANT BACKGROUND

This matter has been pending in this Court since the filing of Plaintiff's original pleading on April 25, 2019. Dkt. 1. By Order dated November 30, 2020, and on motion by then newly-added defendants Launch and M37, the Court modified the case scheduling order by extending remaining deadlines by some five months. Dkt. 169. The Order provided, in pertinent part, for the filing of a motion for class certification by May 7, 2021, and a response and reply by, respectively, June 4, 2021 and July 2, 2021. *Id*. It also scheduled discovery to conclude by November 24, 2021, and for the filing of dispositive motions no later than January 28, 2022. *Id*.

On March 31, 2021, Plaintiff, Launch, and Mr. Benson filed a Notice of Settlement, advising they had reached an agreement in principle on a class action settlement and would seek approval of the settlement once documented, Dkt. 190, as is required by Federal Rule of Civil Procedure 23(e). Mr. Fragale joined the preliminary settlement shortly thereafter. *See* Dkt. 201, ¶¶3-4. Movants subsequently, on May 6, 2021, filed the current motion requesting a stay of class certification deadlines pending a ruling on the anticipated motion for approval of the settlement. Dkt. 194.

///

ORDER RE: MOTION TO STAY
PAGE - 2

## DISCUSSION

"A stay is not a matter of right. It is instead an exercise of judicial discretion that is dependent upon the circumstances of the particular case." *Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012) (cleaned up). In considering a request for a stay, factors weighed by the Court may include "'the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.'" *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). The moving party bears the burden to show a stay is appropriate. *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

Movants here argue the Court should stay the class certification deadlines pending resolution of a future motion for approval of the settlement agreement because: (1) they will face substantial hardship and inequity in being required to proceed with class certification briefing without the settlement agreement's resolution; (2) a stay will simplify issues and avoid potentially unnecessary motion practice and discovery, and thereby promote the orderly course of justice; and (3) a stay will cause no harm to the Settling Parties because it is short, finite, and the case remains in relatively early stages. The Court, however, does not find the relevant factors to weigh in favor of granting a stay.

A.  Orderly Course of Justice

Movants depict the question of whether the Court will approve the settlement agreement as a central, threshold question in this case that will affect class certification and related discovery. They suggest two scenarios, wherein the Court will either (1) face two motions for

certification, one for a settlement class and the other for a non-settlement class, or (2) decide a single motion for certification of a non-settlement class following denial of preliminary approval for the settlement agreement. Movants contend a decision on the motion for approval of the settlement agreement will provide necessary guidance to the Court and parties as to the type of class certification briefing and class-related discovery required in this case.

While Movants may prefer a particular order of resolution, they do not demonstrate the orderly course of justice would be better served through imposition of a stay. As Plaintiff suggests, the Court will not allow *seriatem* class certification motions in this matter. It will, instead, entertain the separate issues presented by the currently pending motion for class certification, *see* Dkt. 197, and the anticipated motion for preliminary approval of the settlement agreement. Any fear of two class certification motions and potentially unnecessary discovery is unwarranted, and the case law cited in support of this proposition plainly inapposite. *See Borden v. eFinancial, LLC*, No. C19-1430-JLR, 2020 WL 7324815, at *2 (W.D. Wash. Oct. 16, 2020) (granting stay after the Supreme Court granted certiorari to resolve a circuit split on an issue central to the defendant's liability); *Hurrle v. Real Time Resols., Inc.*, No. C13-5765-BHS, 2016 WL 4575740, at *2 (W.D. Wash. Jan. 6, 2016) (finding that, because a pending class settlement involving the same defendant in a separate, parallel case could be dismissed, transferred to the Court, or kept and ruled upon, a stay ensured the Court and parties would "not waste time and resources addressing issues that may change or become moot.")

B.  Hardship

Movants assert hardship in the need to simultaneously oppose class certification and preliminary approval of the settlement agreement, and to do so with resources limited to a rapidly diminishing insurance policy. The Court is not persuaded.

Movants support the contention their sole financial resource consists of a wasting insurance policy with a statement in a declaration of counsel unaccompanied by any evidence or explanation. *See* Dkt. 195, ¶10. They concede, in reply, that M37 is not insured under that same policy. They also reject Plaintiff's arguments in opposition as no more than speculative, without providing substantive response to evidence suggesting the availability of additional financial resources.

Nor does the mere fact Movants may be faced with simultaneously contesting more than one motion present a unique hardship. The three law firms and ten individual attorneys identified as representing Movants in the motion to stay, *see* Dkt. 194 at 9-10, should alleviate burdens attendant to that task. It is also noteworthy that Movants waited until the day prior to Plaintiff's class certification filing deadline to request a stay, rather than seeking to mitigate any burden upon learning of the settlement a month earlier. Movants do not, moreover, appear to dispute Plaintiff's contention any actual burden in relation to the settlement motion will necessarily be limited to their standing to object only to a proposed contribution bar. *See* Dkt. 200 at 13 and Dkt. 202 at 3. *See also Ciuffitelli v. Deloitte & Touche LLP*, No. C16-0580, 2019 WL 1441634, at *6 (D. Or. Mar. 19, 2019) (finding that, while non-settling defendants generally lack standing, they could object to the "contribution claims bar" portion of a proposed partial settlement because it affected their rights to indemnification and contribution) (citing *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 582-83 (9th Cir. 1987)), Report and Recommendation adopted, 2019 WL 2288432 (D. Or. May 29, 2019). The Court does not, as such, find the alleged hardship to warrant the requested stay.[1]

---

[1] The additional assertion of hardship in conducting class-related discovery that may ultimately prove unnecessary depending on the types of motions for class certification Movants will be required to oppose is illusory for the reasons stated above.

ORDER RE: MOTION TO STAY
PAGE - 5

C.  Damage

Movants, finally, contend no harm will result from a stay because it would be short, finite, and occur during relatively early stages of this case. To the contrary, this matter has now been pending for more than two years, with the conclusion of discovery and impending dispositive motion deadline within sight. A stay would further delay resolution of overdue class certification proceedings and, Plaintiff asserts, preclude resolution of any motions for summary judgment. *See Diva Limousine, Ltd. v. Uber Techs., Inc.*, 392 F. Supp. 3d 1074, 1095-96 (N.D. Cal. 2019) (describing a rule prohibiting adjudication of claims on the merits prior to class certification in order to "'protect defendants from unfair "one-way intervention," where the members of a class not yet certified can wait for the court's ruling on summary judgment and either opt in to a favorable ruling or avoid being bound by an unfavorable one.'") (quoted source omitted). The possible damage from Movants' request, as with other factors pertinent to the Court's decision, weighs in favor of denying the motion to stay.

## CONCLUSION

Movants fail to establish a stay in this matter would be appropriate or warranted. Accordingly, the Motion to Stay Class Certification Deadlines, Dkt. 194, is DENIED, and the current case scheduling order remains in effect.

DATED this 25th day of May, 2021.

S. KATE VAUGHAN
United States Magistrate Judge