HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ORDER – 1

| | |
|---|---|
| CHRIS HUNICHEN,<br><br>    Plaintiff,<br><br>v.<br><br>ATONOMI LLC, et al.,<br><br>    Defendants.<br><br>ATONOMI LLC,<br><br>    Counterclaimant/Third-Party Plaintiff,<br><br>v.<br><br>CHRIS HUNICHEN,<br><br>    Counter-Defendant,<br><br>&<br><br>DAVID PATRICK PETERS, et al.<br><br>    Third-Party Defendants. | Case No. 19-0615-RAJ-SKV<br><br>**ORDER RE MOTION FOR PRELIMINARY APPROVAL OF PARTIAL CLASS-WIDE SETTLEMENT** |

This matter comes before the Court on the Class Representative's Motion for Preliminary Approval of Class Action Settlement. In connection with the Motion, the Court considered the Stipulation of Class Action Settlement and Release (the "AGREEMENT," attached as Exhibit A to the Declaration of Angus Ni), the submissions of counsel, and all other papers filed in this action. This Order incorporates by reference the definitions in the AGREEMENT. The matter having been submitted, and good cause appearing **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT**:

    1.    The provisions of the AGREEMENT are hereby preliminarily approved. The COURT finds that the SETTLEMENT appears to be fair, adequate, and reasonable to the SETTLEMENT CLASS MEMBERS, free of collusion or indicia of unfairness, and within the range of possible judicial approval. The COURT also finds that the

ORDER – 2

1 | SETTLEMENT resulted from arm's length negotiations and is sufficient to warrant the dissemination of NOTICE to the CLASS MEMBERS.

2. Pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3), and for purposes of, and solely in connection with the SETTLEMENT, the COURT finds that each of the requirements for certification of the SETTLEMENT CLASS MEMBERS set forth in the CLASS REPRESENTATIVE'S Motion for Preliminary Approval are met and hereby conditionally certifies the SETTLEMENT CLASS MEMBERS comprised of: all individuals who either (i) purchased ATMI tokens via a Series 1 or Series 2 Simple Agreement for Future Tokens (SAFT) with ATONOMI in 2018; or (ii) purchased ATMI tokens through a "public sale" by ATONOMI on or about June 6, 2018, except persons that properly exclude themselves from the SETTLEMENT, any person, firm, trust, corporation or other entity affiliated with DEFENDANTS, or any judge, justice, judicial officer or judicial staff of the COURT.

3. The COURT, for SETTLEMENT purposes only, finds that certification of the SETTLEMENT CLASS MEMBERS satisfies the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3). In support of this ruling, the COURT conditionally and preliminarily finds that: (a) the SETTLEMENT CLASS MEMBERS are so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the SETTLEMENT CLASS MEMBERS; (c) the named CLASS REPRESENTATIVE's claims are typical of the claims of the SETTLEMENT CLASS MEMBERS; (d) the named CLASS REPRESENTATIVE and CLASS COUNSEL identified below are able to adequately represent the SETTLEMENT CLASS MEMBERS; and (e) class-wide treatment of the disputes raised in the Second Amended Class Action Complaint filed in the ACTION is superior to other available methods for adjudicating the controversy.

4. The COURT appoints and designates Chris Hunichen as CLASS REPRESENTATIVE for the SETTLEMENT CLASS MEMBERS.

ORDER – 3

5.     The COURT appoints and designates Joel B. Ard of ARD LAW GROUP PLLC, Angus F. Ni of AFN LAW PLLC, and William R. Restis of THE RESTIS LAW FIRM, P.C. as CLASS COUNSEL for the SETTLEMENT CLASS MEMBERS.

6.     The COURT approves, as to form and content, the proposed class NOTICE, attached as Exhibit 4 to the AGREEMENT (the SUMMARY NOTICE) and Exhibit E to the Ni Declaration in Support of Preliminary Approval, and Long Form Notice attached as Exhibit F to the Ni Declaration (the LONG FORM NOTICE), and directs that class NOTICE be given in the form and manner consistent with the AGREEMENT and this PRELIMINARY APPROVAL ORDER:

    a.     the ADMINISTRATOR shall send one copy of the SUMMARY NOTICE and at least one reminder via electronic mail to all email addresses of the SAFT INVESTORS and PUBLIC SALE INVESTORS for whom "Know Your Customer" information is available, and provide one skiptraced first class mailed SUMMARY NOTICE to the physical address of those SAFT INVESTORS whose email addresses bounce back as undeliverable;

    b.     The ADMINISTRATOR shall establish and run a website (the "SETTLEMENT WEBSITE") which includes relevant documents from the ACTION, a copy of the LONG FORM NOTICE, a copy of the PROOF OF CLAIM, an electronic version of the PROOF OF CLAIM, contact information for the ADMINSTRATOR, and other relevant information;

    c.     the ADMINISTRATOR shall cause advertisements containing the SUMMARY NOTICE to begin running on websites associated with ATONOMI and cryptocurrency generally, and those advertisements shall link to the SETTLEMENT WEBSITE;

    d.     the ADMINISTRATOR shall cause to be published over a reputable business newswire a press release announcing the SUMMARY NOTICE

ORDER – 4

1         and providing a link to the SETTLEMENT WEBSITE.

2     7.     The COURT finds that the class NOTICE is the best means practicable of providing notice under the circumstances and when completed shall constitute due and sufficient notice of the ACTION, the SETTLEMENT, and the FINAL APPROVAL HEARING to all persons affected by and/or authorized to participate in the SETTLEMENT in full compliance with Federal Rules of Civil Procedure 23(c) and (e) and the requirements of the United States Constitution (including the Due Process Clause), and all other applicable laws and rules.

8.     All reasonable costs incurred in identifying SETTLEMENT CLASS MEMBERS and notifying them of the SETTLEMENT, as well as in administering the SETTLEMENT and providing appropriate notice under 28 U.S.C. § 1715, shall be paid as set forth in the SETTLEMENT without further order of the COURT.

9.     The contents of the SETTLEMENT FUND held by Signature Bank (which the COURT approves as the ESCROW AGENT), shall be deemed and considered to be *in custodia legis* of the COURT, and shall remain subject to the jurisdiction of the COURT, until such time as they shall be distributed pursuant to the AGREEMENT and/or further order(s) of the COURT.

10.     The ESCROW AGENT is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the SETTLEMENT FUND, and to otherwise perform all obligations with respect to taxes and any reporting or filings or payment in respect thereof without further order of the COURT in a manner consistent with the provisions of the SETTLEMENT.

11.     The COURT appoints and designates JND Legal Administration, as the SETTLEMENT ADMINISTRATOR.

12.     The COURT hereby directs the SETTLEMENT ADMINISTRATOR to provide the approved class NOTICE to the CLASS MEMBERS in accordance with the schedule below and using the procedures set forth in the AGREEMENT.

ORDER – 5

13. The SETTLEMENT ADMINISTRATOR shall be responsible for

(A) Emailing and distributing the SUMMARY NOTICE approved by the COURT;

(B) Performing physical home address and email address updates, skiptraces and verifications prior to distribution of the SUMMARY NOTICE, and any secondary or supplemental SUMMARY NOTICE;

(C) Selecting those publications and venues calculated to most effectively reach CLASS MEMBERS via publication notice;

(D) Creating and maintaining a toll-free number that CLASS MEMBERS can contact to request a copy of the AGREEMENT, a PROOF OF CLAIM form, and/or to obtain any other information concerning the SETTLEMENT or AGREEMENT;

(E) Creating and maintaining a SETTLEMENT WEBSITE, to which the ADMINISTRATOR shall post copies of the operative complaint in the ACTION, this AGREEMENT, the LONG FORM NOTICE, the PRELIMINARY APPROVAL motion, the PRELIMINARY APPROVAL ORDER, CLASS COUNSEL's motion for a FEE AND EXPENSE AWARD and/or SERVICE AWARD, an electronic PROOF OF CLAIM submission process, a downloadable PROOF OF CLAIM, and when available, the FINAL APPROVAL motion and the FINAL APPROVAL ORDER and JUDGMENT. The SETTLEMENT WEBSITE will prominently contain instructions on how SETTLEMENT CLASS MEMBERS can submit a PROOF OF CLAIM, as well as instructions on how to request exclusion or file an objection, and the date and time of the FINAL APPROVAL HEARING;

(F) Consulting with SETTLING DEFENDANTS' COUNSEL and CLASS COUNSEL concerning any relevant issues, including (without limitation)

ORDER – 6

distribution of NOTICE and processing of PROOF OF CLAIMS;

(G) Processing and recording timely and proper requests for exclusion;

(H) Processing and recording PROOF OF CLAIMS, and the calculation of CLAIMS;

(I) Serving notice of this SETTLEMENT to appropriate state and federal officials pursuant to 28 U.S.C. § 1715. The ADMINISTRATOR is responsible for drafting and preparing the notice in conformity with 28 U.S.C. § 1715, and for identifying the appropriate state and federal officials to be notified;

(J) Providing any information and declarations requested by the PARTIES to assist with FINAL APPROVAL; and

(K) Such other tasks as the PARTIES mutually agree or the COURT orders the ADMINISTRATOR to perform.

14. SETTLEMENT CLASS MEMBERS who wish to participate in the SETTLEMENT and to be eligible to receive a distribution from the NET SETTLEMENT FUND must complete and submit a PROOF OF CLAIM in accordance with the instructions contained therein. CLASS COUNSEL shall have the discretion (but not an obligation) to accept late-submitted claims for processing by the ADMINISTRATOR so long as the distribution of the NET SETTLEMENT FUND to SETTLEMENT CLASS MEMBERS is not materially delayed thereby. By submitting a PROOF OF CLAIM, a person or entity shall be deemed to have submitted to the jurisdiction of the COURT with respect to his, her or its CLAIM and the subject matter of the SETTLEMENT.

15. Any CLASS MEMBER may choose to object to the SETTLEMENT by serving on CLASS COUNSEL an objection, which must: (a) state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the objection or objections; and (c) must include documents sufficient to prove membership as a SETTLEMENT CLASS MEMBER.

ORDER – 7

16. Any CLASS MEMBER may choose to be excluded from the SETTLEMENT as provided in the AGREEMENT and CLASS NOTICE.

17. Any CLASS MEMBER who timely and properly requests to be excluded from the SETTLEMENT will not be bound by the AGREEMENT or have any right to object, appeal, or comment thereon. Any CLASS MEMBER who wishes to be excluded from the SETTLEMENT must submit a timely written request for exclusion, which must state (i) the name, address, email address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity requests exclusion from the Settlement Class in *Hunichen v. Atonomi, LLC et al.*; and (iii) be signed by the person or entity requesting exclusion or an authorized representative. Group opt-outs, including "mass" or "class" opt outs, are prohibited.

18. The COURT orders the following schedule:

    a. No later than ten (10) days after the date of this PRELIMINARY APPROVAL ORDER, the ADMINISTRATOR shall serve the notices required to be served pursuant to 28 U.S.C. § 1715.

    b. No later than twenty (20) days after the date of this PRELIMINARY APPROVAL ORDER, the ADMINISTRATOR shall launch the SETTLEMENT WEBSITE.

    c. No later than twenty (20) days after the date of this PRELIMINARY APPROVAL ORDER, the SETTLEMENT ADMINISTRATOR shall commence the initial NOTICE to CLASS MEMBERS.

    d. No later than twenty-one (21) days after the date of this PRELIMINARY APPROVAL ORDER, CLASS COUNSEL shall file any request for a FEE AND EXPENSE AWARD and any SERVICE AWARD;

    e. No later than thirty (30) days after the date of this PRELIMINARY APPROVAL ORDER, the SETTLEMENT ADMINISTRATOR shall post

ORDER – 8

       any motions for a FEE AND EXPENSE AWARD and/or SERVICE AWARD to the SETTLEMENT WEBSITE.

    f.    All objections must be submitted to CLASS COUNSEL on or before ninety (90) days after the date of this PRELIMINARY APPROVAL ORDER.

    g.    All requests for exclusion must be submitted to CLASS COUNSEL on or before ninety (90) days after the date of this PRELIMINARY APPROVAL ORDER.

    h.    All PROOF OF CLAIMS must be submitted on the SETTLEMENT WEBSITE, emailed, faxed, or mailed to the ADMINISTRATOR postmarked on or before ninety (90) days after the date of this PRELIMINARY APPROVAL ORDER.

    i.    No later than ninety-five (95) days after the date of this PRELIMINARY APPROVAL ORDER, the ADMINISTRATOR shall provide a list of SETTLEMENT CLASS MEMBERS who submitted valid exclusion requests to CLASS COUNSEL and SETTLING DEFENDANTS' COUNSEL, which CLASS COUNSEL shall file with the COURT. The ADMINISTRATOR shall also provide CLASS COUNSEL with a Declaration of Compliance with this PRELIMINARY APPROVAL ORDER to be filed with the COURT in connection with the FINAL APPROVAL MOTION.

    j.    No later than one hundred ten (110) days after the date of this PRELIMINARY APPROVAL ORDER, CLASS COUNSEL shall file the CLASS REPRESENTATIVE's motion for FINAL APPROVAL of the SETTLEMENT.

19.    The COURT will hold a FINAL APPROVAL HEARING on March 22, 2023 at 2:00 pm at the United States District Court for the Western District of Washington, 700 Stewart Street, Seattle, WA 98101, for the following purposes: (a) to

ORDER – 9

determine whether the proposed SETTLEMENT on the terms and conditions provided for in the AGREEMENT is fair, reasonable and adequate to the SETTLEMENT CLASS MEMBERS, and should be approved; (b) to determine whether a FINAL APPROVAL ORDER substantially in the form attached as Exhibit 1 to the SETTLEMENT and Exhibit B to the motion for preliminary approval should be entered dismissing the ACTION with prejudice against the SETTLING DEFENDANTS; (c) to determine whether the proposed PLAN OF ALLOCATION for the proceeds of the SETTLEMENT is fair and reasonable and should be approved; (d) to consider the adequacy of NOTICE; (e) to consider any objections to the SETTLEMENT; (f) to determine the amount of any FEE AND EXPENSE AWARD and SERVICE AWARD requested by CLASS COUNSEL; and (g) to consider any other matters that may properly be brought before the COURT in connection with the SETTLEMENT.

20.   Any objecting SETTLEMENT CLASS MEMBER may appear, in person or by counsel, at the FINAL APPROVAL HEARING to show cause why the SETTLEMENT and the AGREEMENT should not be approved as fair, adequate, and reasonable, or to object to any request for a FEE AND EXPENSE AWARD or INCENTIVE AWARD. To appear in person or by counsel, the objecting SETTLEMENT CLASS MEMBER must file with the COURT and serve upon all counsel designated in the NOTICE, a Notice of Intention to Appear on or before one hundred and fifty (120) days from the date of this PRELIMINARY APPROVAL ORDER; provided, however, that no SETTLEMENT CLASS MEMBER shall be heard, unless that person or entity has submitted said objections, papers, briefs, and proposed witnesses to the COURT and served copies of such objection on CLASS COUNSEL and SETTLING DEFENDANTS' COUNSEL at the addresses set forth below:

| **Lead Counsel** | Attn: Angus Ni |
| --- | --- |
| AFN Law PLLC | 506 2nd Ave, Suite 1400<br>Seattle, WA 98104 |

ORDER – 10

Ard Law Group PLLC
Joel B. Ard
P.O. Box 11633
Bainbridge Island, WA 98110

The Restis Law Firm, P.C.
Attn: William Restis
402 West Broadway, Suite 1520
San Diego, CA 92101

**Settling Defendants' Counsel**

Morrison & Foerster LLP

Attn: Derek Foran
425 Market St.
San Francisco, CA 94015

Davis Wright Tremaine
Attn: Brendan T. Mangan
920 Fifth Ave., Suite 3300
Seattle, WA 98104

Ryan, Swanson & Cleveland, PLLC
Madeline S. Davis
ADDRESS

Murphy & King PC
Steven M. Veenema
ADDRESS

Any SETTLEMENT CLASS MEMBER who does not enter an appearance will be represented by CLASS COUNSEL.

21. The SETTLING PARTIES, CLASS COUNSEL, SETTLING DEFENDANTS' COUNSEL and the ADMINISTRATOR are otherwise directed to carry out their obligations under the AGREEMENT.

22. The COURT reserves the right to adjourn the date of the FINAL APPROVAL HEARING without further notice to SETTLEMENT CLASS MEMBERS.

IT IS SO ORDERED.

Dated this 22nd day of November, 2022.

The Honorable Richard A. Jones
United States District Judge

ORDER – 11