THE HONORABLE RICHARD A. JONES

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHRIS HUNICHEN, individually and on
behalf of all others similarly situated,

          *Plaintiff*,

    v.

ATONOMI LLC, a Delaware LLC, CENTRI
TECHNOLOGY, INC., a Delaware
Corporation, VAUGHAN EMERY, DAVID
FRAGALE, ROB STRICKLAND, DON
DELOACH, WAYNE WISEHART, WOODY
BENSON, MICHAEL MACKEY, and JAMES
SALTER,

          *Defendants*.

No. 2:19-cv-00615-RAJ-SKV

ATONOMI LLC, a Delaware LLC,

          *Counterclaimant*,

    v.

CHRIS HUNICHEN,

          *Counter-Defendant*.

[PROPOSED] ORDER GRANTING
PLAINTIFF'S MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT AND FINAL JUDGMENT AS
TO SETTLING DEFENDANTS

ATONOMI LLC, a Delaware LLC,

          *Third Party Plaintiff*,

    v.

DAVID PATRICK PETERS, SEAN
GETZWILLER, DAVID CUTLER, CHANCE
KORNUTH, and DENNIS SAMUEL BLIEDEN,

          *Counter-Defendants*.

[PROPOSED] ORDER AND FINAL JUDGMENT - i
No. 2:19-cv-00615-RAJ-SKV

ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

This matter came before the Court on March 22, 2023, upon Plaintiff's motion for final approval of the proposed Settlement set forth in the Agreement of Class Action Settlement and Release (the "Agreement") between Plaintiff and defendants Launch Capital, LLC, Woody Benson, and David Fragale (the "Settling Defendants") and Motion for Award of Fees, Expenses and Incentive Payment (Dkt. No. 307).

The Court has considered the Motions and exhibits thereto, all papers filed and proceedings related to the Settlement herein, and the record in the Action as a whole.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1.      This Order and Final Judgment incorporates by reference the definitions in the Agreement. All capitalized terms, unless otherwise defined herein, shall have the same meanings as set forth in the Agreement.

2.      This Court has jurisdiction over the subject matter of the Action, the Parties, and all members of the Settlement Class.

3.      The Court hereby certifies, for settlement purposes only, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, Settlement Class Members defined as: All individuals who either (i) purchased ATMI tokens via a Series 1 or Series 2 Simple Agreement for Future Tokens (SAFT) from Atonomi in 2018; or (ii) purchased ATMI tokens through a "public sale" by Atonomi on or about June 6, 2018. Excluded from the class are persons who properly exclude themselves from the Settlement, any person, firm, trust, corporation or other entity affiliated with Defendants, or any judge, justice, judicial officer or judicial staff of the Court.

4.      The Court finds, for settlement purposes only, that certification of the Settlement Class Members satisfies the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3), including that: (a) the Settlement Class Members are so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class Members; (c) the named Class Representative's claim is typical of the claims of the Settlement Class Members; (d) the named Class Representative and Class

[PROPOSED] ORDER AND FINAL JUDGMENT

No. 2:19-cv-00615-RAJ-SKV

ARD LAW GROUP PLLC

P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

Counsel adequately represent the Settlement Class Members; and (e) class-wide treatment of the disputes raised in the Second Amended Class Action Complaint filed in the Action is superior to other available methods for adjudicating the controversy.

5.      The Court finds that Notice was given to Class Members in accordance with the Order Preliminarily Approving Settlement entered on November 22, 2022 (Dkt. 305). As described in the Declaration of Luiggy Segura, Notice has been successful and was (1) the best notice practicable under the circumstances, (2) constituted notice that was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Litigation and their rights to object to and/or exclude themselves from the Settlement Agreement and to appear at the Final Approval Hearing; (3) was reasonable and constituted due, adequate, and sufficient notice to all individuals entitled to receive notice; and (4) fulfilled all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause, and the rules of the Court.

6.      The Court finds that all notices and requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, have been satisfied. No written objections or responses to the Settlement Agreement were filed by any federal or state official, and no such federal or state official appeared or requested to appear at the Final Approval Hearing.

7.      No member of the Settlement Class objected to any of the terms of the Settlement Agreement. The following two members of the Settlement Class timely requested exclusion from the Settlement: R. Heese of The Netherlands and J. Patel of India (the "Opt Outs"). These individuals are hereby excluded from any and all terms of the Settlement Agreement, and the applicability of this Final Order and Judgment. Pursuant to Federal Rule of Civil Procedure 23(c)(3), all members of the Settlement Class, other than the Opt Outs, are bound by this Order and Final Judgment and by the terms of the Settlement Agreement. This Court gives final approval to the Settlement and finds that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the members of the Settlement Class. The consideration provided under the Settlement Agreement

[PROPOSED] ORDER AND FINAL JUDGMENT

No. 2:19-cv-00615-RAJ-SKV

ARD LAW GROUP PLLC

P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

constitutes fair value given in exchange for the release of the Released Claims against the Released Parties. The Court finds that the consideration to be paid to the members of the Settlement Class is reasonable, and in their best interests, considering the total value of their claims compared to the disputed factual and legal circumstances of the litigation, and the potential risks and likelihood of success of pursuing litigation on the merits. The complex legal and factual posture of this case and the fact that the Settlement is the result of arms' length negotiations between the Parties support this finding. The Court finds that these facts, combined with the lack of other indicators of collusion and the Court's observations throughout the litigation, demonstrate that there was no collusion present in the reaching of the Settlement Agreement, implicit or otherwise. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011). This finding is also supported by, among other things, the fact that the Settlement provides monetary benefits to the Settlement Class that are not disproportionate to the attorneys' fees and expenses awarded to Class Counsel or the Class Representative; and the benefits provided to the Settlement Class are appropriate under the circumstances of this case. The Court has specifically considered the factors relevant to class settlement approval including, inter alia, the strength of the Plaintiff's case; the risk, expense, complexity and likely duration of further litigation; the risk of not maintaining class action status throughout trial; the relief provided for in the settlement; the extent of discovery completed and stage of the proceedings; the experience and views of counsel; and the reaction of members of the Settlement Class to the proposed Settlement (including the claims submitted and lack of any objections)—and upon consideration of such factors finds that the Settlement is fair, reasonable, and adequate as to, and in the best interests of, the Settlement Class.

8.    The Court finds that the Class Representative and Class Counsel adequately represented the Settlement Class for the purposes of litigating this matter and entering into and implementing the Settlement Agreement.

[PROPOSED] ORDER AND FINAL JUDGMENT

No. 2:19-cv-00615-RAJ-SKV

ARD LAW GROUP PLLC

P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

9.      Accordingly, the Settlement is hereby finally approved in all respects, and the Parties and their counsel are hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions, except as otherwise expressly directed herein. The Settlement Agreement is hereby incorporated into this Final Judgment in full and shall have the full force of an Order of this Court.

10.     The Court gives final approval to the Plan of Allocation, and finds that the Plan of Allocation is fair, reasonable and adequate, and is based on a reasonable and rational basis. The Court further finds that the Plan of Allocation appropriately allocates the Net Settlement Fund among authorized claimant Settlement Class Members based on a formula reasonably related to their underlying claim under RCW 21.20.430(1), in a manner that treats all Settlement Class Members equitably relative to each other, and does not grant preferential treatment to the Plaintiff or other segments of the Class.

11.     The Court adjudges that the payment of $1,961,173.02 in attorneys' fees and litigation expenses in the amount of $31,201.98 (the "Fee Award") is fair and reasonable for the following reasons and those stated in Court. In assessing the requested attorneys' fees, the Court has considered the relief achieved for the Settlement Class, the time and effort devoted by Class Counsel as demonstrated by their sworn declarations, and the complexity of the legal and factual issues involved. The Court finds that the Fee Award to Class Counsel identified above is fair and reasonable under both a common fund approach and a lodestar approach. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th Cir. 2002); *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975).

12.     The Court further adjudges that the payment of an incentive award in the amount of $10,000 (the "Incentive Award") to Mr. Hunichen to compensate him for his efforts and commitment on behalf of the Settlement Class is fair, reasonable, and justified under the circumstances of this case. *See Radcliffe v. Experian Info. Solutions, Inc.*, 715 F.3d 1157 (9th Cir. 2013). Such payment shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement.

[PROPOSED] ORDER AND FINAL JUDGMENT

No. 2:19-cv-00615-RAJ-SKV

ARD LAW GROUP PLLC

P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

13.     The Court orders the Administrator and Escrow Agent to effectuate the terms of the Agreement in all respects, including to distribute the Settlement Fund pursuant to the Agreement and this Final Order to such Class Members who submitted valid Claims (except as otherwise expressly directed herein), and to pay all costs and expenses reasonably and actually incurred, including Notice and Administration Costs, taxes and tax expenses, the Fee and Cost Award and Service Award, and other expenses reasonably and actually incurred in the administration of the Settlement, and to perform all other duties and responsibilities that remain under the Agreement and this Final Order.

14.     The Court hereby approves the Parties' non-material modification to Paragraph 32 of the Settlement Agreement, modified pursuant to Paragraph 85 of the Agreement, to provide:

> The NET SETTLEMENT FUND shall be distributed to those SETTLEMENT CLASS MEMBERS who, within such time as may be set by the Court, submit a valid PROOF OF CLAIM approved by the ADMINISTRATOR, or as otherwise ordered by the Court. Approved CLAIMS to SETTLEMENT CLASS MEMBERS shall be paid by the ESCROW AGENT upon the later of: (a) five (5) business days after the EFFECTIVE DATE, or (b) ten (10) business days after the last day for SETTLEMENT CLASS MEMBERS to submit a PROOF OF CLAIM, or such other time as ordered by the Court.

The Court hereby orders that the Administrator and Escrow Agent shall be granted such reasonable time as necessary to accomplish payment of Claims to Settlement Class Members, including concerning any Settlement Class Members whose Claims may be impacted by sanctions related to Russia's invasion of Ukraine.

15.     The Court orders the Parties and their counsel to carry out, or cause to be carried out, all other obligations under the Agreement.

16.     The Claims Administrator shall post a copy of this Final Order on the Settlement Website within five (5) days of entry of this Order.

[PROPOSED] ORDER AND FINAL JUDGMENT

No. 2:19-cv-00615-RAJ-SKV

ARD LAW GROUP PLLC

P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

17.     Except as otherwise set forth in this Order and the Settlement Agreement, the Parties shall bear their own costs and attorneys' fees.

18.     Upon the Effective Date, Plaintiff and all other Settlement Class Members shall be deemed to have fully, finally, and forever released, relinquished, and discharged all Released Claims against all of the Released Parties, with prejudice.

19.     Neither the Agreement nor the Settlement terms set forth therein, nor any act performed or document executed pursuant to or in furtherance of the Agreement or the Settlement, is or may be deemed to be or may be used as: (a) an admission or concession of, or evidence of, the validity of any Released Claim or any fault, wrongdoing, or liability of the Settling Defendants; (b) an admission or concession by Plaintiff or any Settlement Class Member of any infirmity in the claim asserted in the Second Amended Complaint; or (c) an admission or concession of, or evidence of, any fault, wrongdoing, or liability of any of the Released Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Released Parties may file the Agreement and/or this Order and Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, equitable estoppel, judicial estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim. Any of the settling Parties may file the Agreement and documents executed in furtherance thereof in any action to enforce the Settlement.

20.     Without affecting in any way the finality of this Order and the final Judgment, the Court reserves continuing and exclusive jurisdiction for purposes of administering, interpreting, implementing, effectuating, and enforcing the Settlement as set forth in the Agreement, the Plan of Allocation and distribution of the Settlement Fund, and the Claims and Released Claims of any Russian Settlement Class Members, and matters within the scope of this Final Order and Judgment, and matters appertaining thereto.

[PROPOSED] ORDER AND FINAL JUDGMENT

No. 2:19-cv-00615-RAJ-SKV

ARD LAW GROUP PLLC

P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

Without further Order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Agreement.

21.     The Court hereby permanently bars, enjoins, and restrains all persons and entities (including but not limited to Non-Settling Defendants, their successors or assigns, and any other person or entity later named as a defendant or third-party in the Action) from asserting, commencing, or prosecuting any claim against any of the Settling Defendants for contribution or indemnity, either directly, representatively, derivatively, or in any other capacity, arising out of, based upon, or related to the claim and allegations asserted in the Action (or any other claims, however denominated, where the alleged injury to the claimant is based upon, arises from, or is related to the claimant's actual or threatened liability to the Class Members), whether arising under state, federal, or foreign law as claims, cross-claims, counterclaims, or third-party claims, whether asserted in this Court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere, and whether such claims are legal or equitable, known or unknown, foreseen or unforeseen, matured or unmatured, accrued or unaccrued. Any final verdict or judgment obtained by or on behalf of the Settlement Class against any individual or entity subject to this Bar Order shall be reduced by the greater of: (a) an amount that corresponds to the percentage of fault or responsibility attributed to the Settling Defendants for the alleged loss to the Settlement Class; or (b) the Settlement Amount.

22.     The Court hereby permanently bars, enjoins, and restrains the Settling Defendants from asserting, commencing, or prosecuting any claim against any of the Non-Settling Defendants (including their successors or assigns) for contribution or indemnity, either directly, representatively, derivatively, or in any other capacity, arising out of, based upon, or related to the claim and allegations asserted in the Action (or any other claims, however denominated, where the alleged injury to the Settling Defendants is based upon, arises from, or is related to payment of the Settlement Amount or to their actual or threatened liability to the Class Members), whether arising under state, federal, or foreign

[Proposed] Order And Final Judgment

No. 2:19-cv-00615-RAJ-SKV

Ard Law Group PLLC

P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

law as claims, cross-claims, counterclaims, or third-party claims, whether asserted in this Court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere, and whether such claims are legal or equitable, known or unknown, foreseen or unforeseen, matured or unmatured, accrued or unaccrued.

23.   The Second Amended Complaint herein is dismissed on the merits with prejudice as against the Settling Defendants only and without costs except for the payments expressly provided for in the Agreement.

24.   There is no just reason for delay and accordingly the Court directs the Clerk of the Court to enter this Order and Final Judgment.

Dated this the 22nd day of March, 2023.

_____
The Honorable Richard A. Jones
United States District Judge

[PROPOSED] ORDER AND FINAL JUDGMENT

No. 2:19-cv-00615-RAJ-SKV

ARD LAW GROUP PLLC

P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243