THE HONORABLE RICHARD A. JONES
(On Reference to the Honorable S. Kate Vaughn)

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

CHRIS HUNICHEN, individually and on behalf of all others similarly situated,

*Plaintiff*,

v.

ATONOMI LLC, a Delaware LLC, CENTRI TECHNOLOGY, INC., a Delaware Corporation, VAUGHAN EMERY, DAVID FRAGALE, ROB STRICKLAND, DON DELOACH, WAYNE WISEHART, WOODY BENSON, MICHAEL MACKEY, and JAMES SALTER,

*Defendants.*

ATONOMI LLC, a Delaware LLC,

*Counterclaimant*,

v.

CHRIS HUNICHEN,

*Counter-Defendant.*

ATONOMI LLC, a Delaware LLC,

*Third Party Plaintiff*,

v.

DAVID PATRICK PETERS, SEAN GETZWILLER, DAVID CUTLER, CHANCE KORNUTH, and DENNIS SAMUEL BLIEDEN,

*Counter-Defendants.*

No. 2:19-cv-00615-RAJ-SKV

STIPULATED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

Noting Date: February 12, 2024

CONSENT MOTION FOR PRELIMINARY APPROVAL - i

No. 2:19-cv-00615-RAJ-SKV

ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

## I. INTRODUCTION

Plaintiff and Class Representative Chris Hunichen ("Hunichen"), together with all remaining Defendants (Atonomi LLC, CENTRI, Inc., Vaughan Emery, Rob Strickland, Don Deloach, Wayne Wisehart, and James Salter) move this Court, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for preliminary approval of the proposed settlement (the "Settlement") of this class action.[1]

The Settlement is made with remaining Defendants Atonomi LLC, CENTRI, Inc., Vaughan Emery, Rob Strickland, Don Deloach, Wayne Wisehart, and James Salter, who have agreed to pay $520,000 in cash for a non-reversionary common fund. Hunichen submits that this Settlement, which provides certainty of a recovery for investors, is fair, adequate, and reasonable. Hunichen now respectfully requests that the Court decide:

1. Whether the proposed $520,000 settlement of this Action is within the range of fairness, reasonableness, and adequacy to warrant the Court's preliminary approval.

2. Whether the Plan of Allocation to the Class Members, the proposed manner and content of settlement Notice, and the proposed Proof of Claim form should be approved;

3. Whether JND Legal Administration should be appointed as settlement Administrator; and

4. Whether The Huntington National Bank should be appointed as Escrow Agent for the Settlement.

Should the Court answer the above questions in the affirmative, Hunichen respectfully requests the Court preliminarily approve the Settlement, set a schedule for the Parties and the Administrator to effectuate Notice to the Class Members, and set a date for a Final Approval

---

[1] Unless otherwise noted, defined terms used herein have the same meaning as in the *Stipulation of Class Action Settlement and Release* (the "Settlement Agreement") attached as Exhibit A to the Declaration of Joel Ard filed concurrently herewith.

CONSENT MOTION FOR PRELIMINARY APPROVAL - 1
No. 2:19-cv-00615-RAJ-SKV

ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

Hearing, by entering an order substantially conforming to the proposed Preliminary Approval Order attached as Exhibit C of the Ard Declaration filed concurrently herewith.

## II. Procedural History

In this Action, Plaintiff alleged that, over the first half of 2018, Defendants conducted an Initial Coin Offering ("ICO") of Atonomi tokens ("ATMI") in exchange for the cryptocurrency Ethereum ("ETH"). The ICO, which occurred at the very height of the 2017-2018 cryptocurrency bubble, raised 45,549.75 ETH by June 6, 2018.

Plaintiff alleged the ICO was not exempt from registration, and Atonomi did not register the offering with any regulator, state or federal. Plaintiff accordingly alleged that Defendants were strictly liable under the Washington State Securities Act ("WSSA") for conducting a non-exempt, unregistered securities offering. Defendants dispute Plaintiff's claim and deny liability.

In early 2021, Plaintiffs reached a partial settlement with certain defendants, which this Court approved in March 2023. The Court also certified a litigation class comprised of "All persons who purchased ATMI tokens via a Series 1 or Series 2 SAFT with Atonomi, LLC in 2018. Excluded from the Class are Defendants and persons or entities directly affiliated with any Defendant, and persons who affirmatively assented to the Atonomi "Terms of Token Sale." Dkt. No. 246, Order on Class Certification of Aug 8, 2022. On June 27, 2023, the Court issued its Order addressing cross motions for summary judgment, leaving the bulk of the case for trial.

In fall 2023, settlement discussions renewed. In pertinent part, Plaintiffs' counsel confirmed that any insurance policy that might be available to satisfy a judgment has been exhausted, and that most remaining defendants are either judgment proof or would be judgment proof after expending assets to prepare for trial. Through examination of financial records, including sworn financial statements, Plaintiffs' counsel confirmed that the $520,000 of this settlement comprises all recoverable assets of the defendants. Ard Decl. ¶¶ 7-12.

**A.     Settlement Consideration and Plan of Allocation.**

The proposed Settlement provides that the Defendants will pay $520,000 in cash into an Escrow Account for the benefit of the Class. Ard Decl., Ex. A ("Settlement Agreement"

Consent Motion For Preliminary Approval - 2

No. 2:19-cv-00615-RAJ-SKV

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

referencing drafts of the proposed Final Approval Order, Preliminary Approval Order, Proof of Claim form, and Summary Notice as Exhibits 1-4 to the Agreement, which Exhibits 1-4 are separately submitted hereto as Exhibits B, C, D, and E to this motion).

This "Settlement Amount" is intended to pay Notice and Administration Costs, taxes and tax expenses, any Fee and Expense Award to proposed Class Counsel and a Service Award to Hunichen at the Court's discretion, and of course a Net Settlement Fund to be distributed among Class Members who submit a timely and valid Proof of Claim. *Id.*, Ex. A, ¶¶ 23-27. Class members who submitted a Proof of Claim as to the earlier partial settlement may rely on the earlier Proof of Claim. The Net Settlement Fund will be paid out *pro rata* based on the $USD value of consideration paid by Class Members for the allegedly unregistered securities on the date of investment, minus the $USD value of any consideration received from a sale of the securities, on the date any selling consideration was received. *Id.*, § I.V, and ¶ 25. This formula is to be "in accordance with [RSW] 21.20.430(1)", a simple formula provided by the Washington State Securities Act to calculate losses for the class wide claims alleged by Hunichen. *Id.; Cf.* Dkt. 137 (Second Amended Complaint alleging violation of RSW 21.20.430(1)).

The Net Settlement Fund will be reduced dollar for dollar for each valid Claim received. *Id.*, 25(b). If valid Claims do not exhaust the Fund, each Class Member will receive the same positive multiplier to fully exhaust it. *Id.* If the Fund is oversubscribed, the same negative multiplier will be applied to each Claim received. *Id.* The Administrator will review claims and determine what is sufficient evidence to support a valid Claim. *Id.*, ¶ 25(c). Claim rejections can be contested by Class Members, who are allowed to cure perceived deficiencies. *Id.*, ¶¶ 28-29. Class Counsel and the Administrator can also waive non-material deficiencies in a Claim Form, and have the discretion to accept late Claims. *Id.*, ¶¶ 27, 30.

If claimants do not cash their Settlement Claim checks within a reasonable time, uncashed funds may be re-distributed to those Class members that did take custody of their Claim funds. Ard Decl., Ex. A, ¶ 25(b). Once it is determined that additional redistributions are not cost effective,

Consent Motion For Preliminary Approval - 3
No. 2:19-cv-00615-RAJ-SKV

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

the remaining balance will be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s), to be recommended by Class Counsel and approved by the Court. *Id.*

Hunichen and proposed Class Counsel believe the Settlement is fair, reasonable, and adequate, as it is the maximum amount of recovery available from the Defendants.

**B.    Proposed Notice.**

Because many of the Class Members have already submitted proofs of claim in connection with the Partial Settlement, the process of Notice and claims processing for this Settlement should be quick, simple, and straightforward. The Agreement provides for direct emailing of Summary Notice to SAFT Investors, with first class mail as backup. Ard Decl., Ex. A, ¶ 35; Ex. E (Summary Notice). Atonomi has produced all SAFT Investors' names, e-mails, and addresses. 73 of the 76 SADFT investors had valid emails; of the remaining 3, no mailings were returned undeliverable and one of the three joined the earlier Settlement. Segura Decl. ¶ 3. With 49 of 76 SAFT investors taking part in the earlier settlement, notice resulted in a 68% response and participation rate, far in excess of the typical 15%-25%. *Id.*

The Notice will all provide links to the Settlement Website that will have the Long Form Notice, important documents about the case, an Electronic Claim Form, as well as a mailing address, email address and a toll-free number to contact the Administrator. Segura Decl., ¶ 3; Ard Decl., Ex. A, ¶ 36.

The content of the Notice itself was drafted in plain language to be consistent with the Federal Judicial Center's Guidelines *Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide. Id.*, ¶ 36, *cf.* Ard Decl., Ex. E (Summary Notice), and Ex. F (Long Form Notice). The Long Form Notice contains all the elements necessary for Class Members to learn about the case and the Settlement, about Class Counsel's requested Fee and Expense Award and Service Award for Hunichen, how to exclude themselves or object, how to file a Claim and the Plan of Allocation, and the date and time of the Final Approval Hearing and procedures for appearing at their own expense if desired. *Id.*

CONSENT MOTION FOR PRELIMINARY APPROVAL - 4

NO. 2:19-cv-00615-RAJ-SKV

ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

### III. Argument.

**A. The Court Should Grant Preliminary Approval of The Proposed Settlement**

Strong judicial policy favors settlement of class actions. *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992); *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1238 (9th Cir. 1998); *West v. Circle K Stores, Inc.*, 2006 WL 1652598, at *1 (E.D. Cal. June 13, 2006). Settlements of complex cases greatly contribute to the efficient utilization of scarce judicial resources and achieve the speedy resolution of justice.

The Court "must satisfy itself that the proposed class-wide settlement is fair, adequate, and reasonable to the class." *David v. Bankers Life & Cas. Co.*, No. 14-cv-00766-RSL, 2019 U.S. Dist. LEXIS 92431, at *2 (W.D. Wash. June 3, 2019) (citing Rule 23(e) and *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)). In conducting such analysis, federal courts consider the following factors: "the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement." *Id.*

Ultimately, a motion seeking preliminary approval of a class settlement should be granted if, "[1] the proposed settlement appears to be the product of serious, informed, noncollusive negotiations, [2] has no obvious deficiencies, [3] does not improperly grant preferential treatment to class representatives or segments of the class, and [4] falls with the range of possible approval …." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007) (citing MANUAL COMPLEX LITIG., Second § 30.44). Applying these standards, the Settlement should be preliminarily approved.

CONSENT MOTION FOR PRELIMINARY APPROVAL - 5
No. 2:19-cv-00615-RAJ-SKV

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

1. **The Proposed Settlement Is The Product Of Good Faith, Arm's Length Negotiations.**

"The involvement of experienced class action counsel and the fact that the settlement agreement was reached in arm's length negotiations, after relevant discovery had taken place creates a presumption that the agreement is fair." *Linney v. Cellular Alaska P'ship*, 1997 WL 450064, at *5 (N.D. Cal. July 18, 1997).

Here, after completing all discovery and after motions for summary judgment, and during trial preparation, Plaintiffs' counsel engaged in a thorough investigation of the prospect of actual financial recovery in the event of a favorable judgment after trial. This investigation revealed that the settlement reflects the maximum possible recovery, and one that would be dissipated by the expense of trial preparation. In other words, even emerging victorious from trial would yield less for the Class.

Moreover, while Class Counsel are entitled to seek a Fee and Expense Award, and a Service Award for Hunichen, the Agreement provides no clear sailing provision or specific amounts, and leaves such payments where they belong, in the sole discretion of the District Court. *Id.*, ¶¶ 63-72. And as discussed in the next section, Hunichen is only entitled to his same *pro rata* share of recovery as all other Class Members.

2. **The Proposed Settlement Has No Obvious Deficiencies And Does Not Improperly Grant Preferential Treatment To Class Representatives Or Segments Of The Class**

The Settlement "has no obvious deficiencies [and] does not improperly grant preferential treatment to class representatives or segments of the class[.]" *Young v. Polo Retail, LLC*, 2006 WL 3050861, at *5 (N.D. Cal. Oct. 25, 2006) (citation omitted). Here, the $520,000 recovery constitutes a significant and certain benefit for Class Members.

CONSENT MOTION FOR PRELIMINARY APPROVAL - 6
No. 2:19-cv-00615-RAJ-SKV

ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

As a Class Member, Hunichen is entitled to receive the same *pro rata* distribution from the Net Settlement Fund in accordance with the Plan of Allocation based on the WSSA. Ard Decl., Ex. A, ¶ 24.

### 3. The Stage And Complexity Of Litigation Favor Preliminary Approval

This case has been pending for more five years, and the court has ruled on cross motions of summary judgment. The parties are fully informed about the strengths and weaknesses of this case. *See* Dkt. 327 (Order on Motions for Summary Judgment). Moreover, Courts give considerable weight to the opinion of experienced and informed counsel who support settlement. In deciding whether to approve a proposed settlement of a class action, "[t]he recommendations of plaintiffs' counsel should be given a presumption of reasonableness." *In re OmniVision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008) (citation omitted). In *OmniVision*, the court held that the recommendation of counsel weighed in favor of settlement given their familiarity with the dispute and their significant experience in securities litigation. *Id.*; *see also Int'l Brotherhood of Elec. Workers Local 697 Pension Fund v. Int'l Game Tech., Inc.,* 2012 WL 5199742, at *3 (D. Nev. Oct. 19, 2012); *Fernandez v. Victoria Secret Stores, LLC*, 2008 WL 8150856, at *7 (C.D. Cal. July 21, 2008). Here, Class Counsel have a thorough understanding of the merits of the Action and extensive experience in securities class action litigation. Dkt. 199, Ex. 50 (*Curriculum Vitae* of Joel Ard), Ex. 51 (CV of Angus Ni), Ex. 52 (CV of William Restis). Class Counsels' (and Hunichen's) recommendation as to the fairness and reasonableness of this Settlement warrants a presumption of reasonableness.

### 4. The Proposed Settlement Falls Well Within The Range Of Reasonableness And Warrants Notice And A Hearing On Final Approval

"[A]t this preliminary approval stage, the court need only 'determine whether the proposed settlement is within the range of possible approval.'" *West*, 2006 WL 1652598, at *11 (citation omitted). Hunichen and Class Counsel believe the proposed $520,000 Settlement is the best possible result for the Class in light of the expense of continued litigation, which would

Consent Motion For Preliminary Approval - 7
No. 2:19-cv-00615-RAJ-SKV

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

1  dissipate the recoverable assets to pay for Defendants' fees instead of satisfying any portion of the
2  Class members' claims. Additionally, on top of the earlier Partial Settlement, it falls well within a
3  range of what is considered fair, reasonable, and adequate.

4  That *partial* Settlement obtained approximately 20% of the monies (excluding interest) that
5  class members would have been able to recover if they prevailed on all claims at trial. Where this
6  Settlement adds to that earlier significant settlement, the Agreement is well within the range of
7  reasonableness. *In re Mego*, 213 F.3d at 459 (affirming approval with "roughly one-sixth of the
8  potential recovery"); *also In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1042 (N.D. Cal. 2008)
9  (approving a settlement amount of 6%, after attorney's fees, of the total possible damages and
10 noting that that was "higher than the median percentage of investor losses recovered in recent
11 shareholder class action settlements"); *In re Heritage Bond Litig. v. U.S. Trust Co. of Tex., N.A.*,
12 2005 WL 1594389, *9 (C.D. Cal. June 10, 2005) (noting that the median amount recovered in
13 settlement was 2.7% in 2002, 2.8% in 2003, and 2.3% in 2004); *In re Portal Software, Inc. Sec. Litig.*,
14 2007 U.S. Dist. LEXIS 88886, at *9 (N.D. Cal. Nov. 26, 2007) (Noting the "median percentages
15 for all securities class actions in 2005 and 2006, which were approximately 3.1% and 2.4%
16 respectively. [Citation] For securities class action settlements below $50 million, median
17 settlements as a percentage of estimated damages were 10.5% through year end 2005 and 8.8% in
18 2006. [Citation]. Accordingly, the amount here favors settlement.")

19 **B.     The Court Should Approve The Form Of Notice And Plan For Providing Notice To
20          The Class**

21 The Court should approve the form and content of the proposed Notice. *See* Ard Decl.,
22 Exs. A, ¶¶ 35-38; Ex. E (Summary Notice); Ex. F (Long Form Notice). Here, Hunichen proposes
23 direct Summary Notice via email, and backup via First Class Mail (as available), with additional
24 supplemental notice via publication, all linking back to a Settlement Website that contains a Long
25 Form Notice and important case information. Segura Decl., ¶ 3.

26 Email contact information for 73 of the 76 SAFT-investor Class Members is available and
27 effective. Segura Decl., ¶ 3. In addition to attempted direct email contact, the Administrator mail

CONSENT MOTION FOR PRELIMINARY APPROVAL - 8
No. 2:19-cv-00615-RAJ-SKV

ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

the Notice to all Class Members, including the three whose email did not work for the previous notice. *Id.* Notice efforts for the previous settlement resulted in one of those three with invalid email participating after receipt of the postcard notice. *Id.*

Similar notice plans have been deemed sufficient by numerous courts. *See In re Classmates*, No. C09-45RAJ, 2010 U.S. Dist. LEXIS 154943, at *10 (W.D. Wash. Apr. 19, 2010) ("Plaintiffs propose to use e-mail to notify class members of class certification, this settlement, and their obligations to submit a claim for either a credit or cash payment. E-mail notice is an excellent option here, where every class member provided an e-mail address to Classmates in the process of registering as a user. Given the large number of class members, e-mail notice also avoids the substantial expense of sending notice by mail. The court finds that Plaintiffs' notice procedure satisfies the requirements of Rule 23(c)(2)(B)"); *Ebarle v. Lifelock, Inc.*, 2016 U.S. Dist. LEXIS 128279, at *9 (N.D. Cal. Sep. 20, 2016) (approving email notice, with backup mailed notice, and supplemental notice via publication); *In re Netflix Privacy Litig.*, 2012 U.S. Dist. LEXIS 93284, at *12-14 (N.D. Cal. July 5, 2012) (same); *Evans v. Linden Research, Inc.,* 2013 U.S. Dist. LEXIS 153725, at *19-20 (N.D. Cal. Oct. 25, 2013) (same).[2]

The content of the Notice should similarly be approved. The Notice is written in plain language and features a question-and-answer format that clearly sets out the relevant information and answers most questions Class Members will have. Consistent with Rules 23(c)(2)(B) and

---

[2] Under Rule 23(c), the Court "must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Rule 23(c)(2)(B). "The notice may be by one or more of the following: United States mail, *electronic means*, or other appropriate means." *Id.* (emphasis added). "The class must be notified of a proposed settlement in a manner that does not systematically leave any group without notice" *Chinitz v. Intero Real Estate Servs.*, 2020 U.S. Dist. LEXIS 224999, at *4-5 (N.D. Cal. Dec. 1, 2020) citing *Officers for Justice v. San Francisco*, 688 F.2d 615, 624 (9th Cir. 1982). Individual notice must be sent to class members "whose names and addresses may be ascertained through reasonable effort." *Id.* quoting *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974))." If the names and addresses of class members cannot be determined by reasonable efforts, notice by publication is sufficient to satisfy the requirements of the due process clause and Rule 23." Id. The Federal Judicial Center has concluded that a notice plan that reaches at least 70% of the class is reasonable. *Id.* citing Fed. Jud. Ctr., *Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide* 3 (2010), https://www.fjc.gov/sites/default/files/2012/NotCheck.pdf. District courts have "broad power and discretion vested in them by [Rule 23]" in determining the parameters of appropriate class notice. *Id.*, citing *Reiter v. Sonotone Corp.*, 442 U.S. 330, 345 (1979).

Consent Motion For Preliminary Approval - 9

No. 2:19-cv-00615-RAJ-SKV

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

23(e)(1), the Notice objectively and neutrally apprises the nature of the Action, the definition of Class Members, the claims and issues, that the Court will exclude any Class Member who requests exclusion (and sets forth the procedures and deadlines for doing so), and the binding effect of a class judgment on Class Members under Rule 23(c)(3), among other disclosures.

Additionally, the Notice discloses the date, time, and location of the Final Approval Hearing and the procedures and deadlines for the submission of Proof of Claim and objections to any aspect of the Settlement, any Fee and Expense Award to Class Counsel or Service Award to Hunichen. These disclosures are complete and should be approved by the Court. *See In re Ikon Office Solutions, Inc. Sec. Litig.*, 194 F.R.D. 166, 175 (E.D. Pa. 2000) (approving notice that stated the settlement terms and plan of allocation, estimated potential recovery at trial, revealed maximum request for attorney's fees and identified contact information of relevant attorneys).

**C.    The Court Should Approve JND As Administrator and The Huntington National Bank as Escrow Agent**

The proposed settlement Administrator is JND Legal Administration, which has already dealt with notice and distribution of the earlier Partial Settlement. JND is an experienced and diligent settlement and claims administrator. *See* Segura Decl., ¶ 3. Counsel previously selected, and this Court approved, JND Legal Administration based on a combination of their estimated costs and fees and strong reputation for competently administering complex settlements. *Id.*, ¶ 31. Given that JND has already completed the claims process and begun distribution of a settlement to the same SAFT investors, no other administrator could have lower costs. The costs and fees will be paid out of the Net Settlement Fund. *See id.*, Ex. A, ¶ 23(A).

Similarly, the Court should approve The Huntington National Bank as Escrow Agent to handle custody of the Settlement Fund. *See* Ard Decl., Ex. A, ¶¶7-14 (discussing duties of Escrow Agent). JND routinely works with The Huntington National Bank to handle the administration of settlements such as this one. Segura Decl., ¶ 8.

Consent Motion For Preliminary Approval - 10
No. 2:19-cv-00615-RAJ-SKV

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

## D. The Court Should Approve The Proposed Schedule And Set A Final Approval Hearing

In connection with preliminary approval of the Settlement, the Court must set a Final Approval Hearing date, dates for mailing and publication of the Notice and Summary Notice, and deadlines for submitting claims or for objecting to the Settlement. Hunichen respectfully proposes the following schedule for the Court's consideration, as set forth in the proposed Preliminary Approval Order:

| Event | Time For Compliance |
|---|---|
| Deadline for serving CAFA Notices pursuant to 28 U.S.C. § 1715 | No later than 10 days after Preliminary Approval Order |
| Deadline to update Settlement Website | No later than 20 days after entry of Preliminary Approval Order |
| Deadline for completing initial Notice | Commence no later than 20 days after Preliminary Approval Order |
| Deadline for Class Counsel's motion for a Fee and Expense Award and Service Award | No later than 21 days after Preliminary Approval Order |
| Deadline for Class Counsel's motion for a Fee and Expense Award and Service Award to be posted on Settlement Website | No later than 30 days after Preliminary Approval Order |
| Deadline for Requests for Exclusion, Objections, and submission of Proofs of Claim | No later than 90 days after Preliminary Approval Order |
| Deadline for filing objections received with the Court, and for the Administrator to attest to compliance with Notice Plan | No later than 95 days after Preliminary Approval Order |
| Deadline for Class Counsel's motion for final approval of the proposed Settlement | No later than 110 days after Preliminary Approval Order |
| Deadline to file Notice of Intention to Appear at Final Approval Hearing | No later than 120 days after Preliminary Approval Order |
| Final Approval Hearing | Approximately 130 days from Preliminary Approval Order. |

## IV. Conclusion

For the above reasons, the Court should preliminarily approve the Settlement and appoint the Administrator and Escrow Agent to disseminate of Notice.

///

///

Consent Motion For Preliminary Approval - 11
No. 2:19-cv-00615-RAJ-SKV

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

February 12, 2024.

Ard Law Group PLLC

By: _____

Joel B. Ard, WSBA # 40104
Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
206.701.9243
Joel@Ard.law
Attorneys for Plaintiffs and Counter-Defendants

AFN Law PLLC

By: _____

Angus F. Ni, WSBA # 53828
AFN Law PLLC
506 2nd Ave, Suite 1400
Seattle, WA 98104
646.543.7294
Attorneys for Plaintiffs and Counter-Defendants

The Restis Law Firm, P.C

By:  */s/ William R. Restis*

William R. Restis (admitted pro hac vice)
225 Broadway, Suite 2220
San Diego, CA 92101
619.270.8383
william@restislaw.com
Attorneys for Plaintiffs and Counter-Defendants

Consent Motion For Preliminary Approval - 12
No. 2:19-cv-00615-RAJ-SKV

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243