THE HONORABLE RICHARD A. JONES
(On Reference to the Honorable S. Kate Vaughn)

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

CHRIS HUNICHEN, individually and on behalf of all others similarly situated,

*Plaintiff*,

v.

ATONOMI LLC, a Delaware LLC, CENTRI TECHNOLOGY, INC., a Delaware Corporation, VAUGHAN EMERY, DAVID FRAGALE, ROB STRICKLAND, DON DELOACH, WAYNE WISEHART, WOODY BENSON, MICHAEL MACKEY, and JAMES SALTER,

*Defendants*.

ATONOMI LLC, a Delaware LLC,

*Counterclaimant*,

v.

CHRIS HUNICHEN,

*Counter-Defendant*.

ATONOMI LLC, a Delaware LLC,

*Third Party Plaintiff*,

v.

DAVID PATRICK PETERS, SEAN GETZWILLER, DAVID CUTLER, CHANCE KORNUTH, and DENNIS SAMUEL BLIEDEN,

*Counter-Defendants*.

No. 2:19-cv-00615-RAJ-SKV

MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Hearing Date: June 28, 2024

---

MOTION FOR FINAL APPROVAL OF SETTLEMENT - i

No. 2:19-cv-00615-RAJ-SKV

ARD LAW GROUP PLLC

P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

TABLE OF CONTENTS

I. Introduction...........................................................................................................1

II. Preliminary Approval, Notice and Take Rate. ............................................1

III. The Settlement Is Fair, Reasonable and Adequate. ................... 2

    A. Legal Standards For Final Approval of Class Action Settlements................................ 2

    B. Application Of These Factors Shows The Settlement Should Be Approved................3

        1. Strengths On The Merits And Risks Of Continued Litigation. .........................3

        2. The Complexity, Expense, and Likely Duration of Further Litigation. ........... 4

        3. The Settlement Amount. ................................................................................. 4

        4. The Extent of Discovery Completed and the Stage of the Proceedings. ............5

        5. The Experience and Views of Counsel. .........................................................5

        6. Presence Of A Governmental Participant.........................................................5

        7. Reaction of the Settlement Class to Date. ........................................................5

    C. Rule 23(e)(2) Factors Also Show The Settlement Is Fair, Adequate, And Reasonable. ................................................................................................................ 6

        1. Plaintiff And Counsel Have Adequately Represented The Class..................... 6

        2. The Settlement Is The Result Of Arm's-Length Negotiations. ........................7

        3. The Relief Provided To The Settlement Class Is Adequate.............................7

        4. The Settlement Treats Class Members Equitably............................................ 9

IV. Conclusion.................................................................................................... 9

Motion for Final Approval of Settlement - ii

No. 2:19-cv-00615-RAJ-SKV

Ard Law Group PLLC

P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

# Table Of Authorities

## Cases

*Briseno v. Henderson*, 998 F.3d 1014 (9th Cir. 2021) .................................................. 2, 3, 6

*Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566 (9th Cir. 2004) ...................................... 3

*Class Plaintiffs v. City of Seattle*, 955 F.2d 1268 (9th Cir. 1992) ........................................ 2

*Hicks v. Morgan Stanley*, 2005 WL 2757792 (S.D.N.Y. Oct. 24, 2005) ............................ 7

*In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d 164 (S.D.N.Y. 2000) ................................................................................................................................. 6

*In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011) ........................... 3

*In re Extreme Networks, Inc. Sec. Litig.*, 2019 U.S. Dist. LEXIS 121886 (N.D. Cal. July 22, 2019) ................................................................................................................... 6

*In re Heritage Bond Litig. v. U.S. Trust Co. of Tex., N.A.*, 2005 WL 1594389 (C.D. Cal. June 10, 2005) ................................................................................................................ 4

*In re Linkedin User Privacy Litig.*, 309 F.R.D. 573 (N.D. Cal. 2015) ................................ 6

*In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454 (9th Cir. 2000) ......................................... 3

*In re OmniVision Techs., Inc.*, 559 F. Supp. 2d 1036 (N.D. Cal. 2008) ......................... 4, 5

*In re Portal Software, Inc. Sec. Litig.*, 2007 U.S. Dist. LEXIS 88886 (N.D. Cal. Nov. 26, 2007) ................................................................................................................... 5

*In re Syncor ERISA Litig.*, 516 F.3d 1095 (9th Cir. 2008) .................................................. 2

*Linney v. Cellular Alaska P'ship*, 1997 WL 450064 (N.D. Cal. July 18, 1997) ................. 7

*McPhail v. First Command Fin. Planning, Inc.*, 2009 U.S. Dist. LEXIS 26544 (S.D. Cal. Mar. 30, 2009) ............................................................................................................ 6

*Messineo v. Ocwen Loan Servicing, LLC*, 2017 U.S. Dist. LEXIS 26456 (N.D. Cal. Feb. 24, 2017) ................................................................................................................... 6

*Moore v. Verizon Commc'ns Inc.*, 2013 WL 4610764 (N.D. Cal. Aug. 28, 2013) .............. 6

*Officers for Justice v. San Francisco*, 688 F.2d 615 (9th Cir. 1982) ................................... 3

## Court Rules

Fed. R. Civ. P. 23 ........................................................................................................ passim

Motion for Final Approval of Settlement - iii

No. 2:19-cv-00615-RAJ-SKV

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

# I. Introduction.

Plaintiff and Class Representative Chris Hunichen ("Hunichen"), together with all remaining Defendants (Atonomi LLC, CENTRI, Inc., Vaughan Emery, Rob Strickland, Don Deloach, Wayne Wisehart, and James Salter) move this Court, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for final approval of the proposed settlement (the "Settlement") of this class action.[1] Pursuant to the Court's Preliminary Approval Order (Dkt 338), the Defendants have paid $520,000 in cash into a non-reversionary common fund now held in escrow.

After extensive notice to Class Members by the Administrator, the proposed Settlement met with overwhelming approval. Every Class Members who filed a claim in the earlier Partial Settlement also filed a claim here, and none objected or sought exclusion. *See* Segura Declaration Regarding (A) Dissemination Of The Notice; (B) Establishment Of Call Center And Class Website; And (C) Report On Requests For Exclusions To Date, Dkt. No. 344. That amounted to well over half the Class, augmenting the payout of claims over the already-paid approximately $0.29 on the dollar, which, as noted when this Court approved the earlier Partial Settlement, was already well above average for securities litigation.

No Class Member objected to the proposed Settlement, and none opted out. In light of this strong positive response, this Court should order final approval and ensure prompt distribution of the settlement fund in accordance with its earlier Order.

# II. Preliminary Approval, Notice and Take Rate.

This Court's Preliminary Approval Order gave preliminary approval to the Settlement, and approved the proposed forms and methods of providing notice to Class Members. The Notice described the composition of the Class Members, described the case, the benefits of the Settlement, how to make a Claim, opt-out, or object, stated the deadlines for objecting, seeking exclusion and submitting claims, and advised Class Members of the scheduled Settlement Hearing before this Court. *See* Dkt. 344 and Exhibit B thereto.

---

[1] Unless otherwise noted, defined terms used herein have the same meaning as in the *Stipulation of Class Action Settlement and Release* (the "Settlement Agreement") previously filed as Dkt. No. 336-1.

Motion for Final Approval of Settlement - 1
No. 2:19-cv-00615-RAJ-SKV

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

Pursuant to the Preliminary Approval Order, and based on records maintained by Defendants, beginning on March 6, 2024, JND emailed the Summary Notice to all potential Class Members for whom it had valid email addresses, and mailed it to those for whom email returned as undeliverable. Dkt. No. 344 ¶ 5. The Administrator also called Class Members who did not respond, and elicited participation from two additional Class Members who did not respond to the earlier partial Settlement. *Id.*, ¶ 10.

The Administrator also hosted a Settlement Website, with relevant information and documents, and maintained a phone line and email availability. No Class Member requested exclusion, and no Class Member objected to the proposed Settlement or Plan of Allocation. *Id.*, ¶¶ 11-13.

### III. The Settlement Is Fair, Reasonable and Adequate.

As this Court has previously acknowledged, "Strong judicial policy favors the settlement of class actions." *Preliminary Approval Order*, 2021 WL 5854964 at *4 (citing *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992)). Indeed, "voluntary conciliation and settlement are the preferred means of dispute resolution. This is especially true in complex class action litigation." *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008). "Rule 23(e) imposes on district courts an independent obligation to ensure that any class settlement is 'fair, reasonable, and adequate,' accounting for the interests of absent class members." *Briseno v. Henderson*, 998 F.3d 1014, 1022 (9th Cir. 2021).

**A.    Legal Standards For Final Approval of Class Action Settlements.**

The Court considers eight factors to determine that a settlement is fair, adequate, and reasonable:

> (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement.

Motion for Final Approval of Settlement - 2
No. 2:19-cv-00615-RAJ-SKV

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

*Preliminary Approval Order*, 2021 WL 5854964 at *4 (citing *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575-76 (9th Cir. 2004)). Rule 23(e) requires consideration of whether:

    (A) the class representatives and class counsel have adequately represented the class;

    (B) the proposal was negotiated at arm's length;

    (C) the relief provided for the class is adequate, taking into account:

      (i) the costs, risks, and delay of trial and appeal;

      (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

      (iii) the terms of any proposed award of attorney's fees, including timing of payment; and

      (iv) any agreement required to be identified under Rule 23(e)(3); and

    (D) the proposal treats class members equitably relative to each other.

Evaluation of the settlement, in particular the proposed fee award, requires the Court to apply the *Bluetooth* factors to "scrutinize agreements for subtle signs that class counsel have allowed pursuit of their own self-interests to infect the negotiations." *Briseno*, 998 F.3d at 1023 (cleaned up) (citing *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011)). Those subtle signs appear "(1) when counsel receives a disproportionate distribution of the settlement; (2) when the parties negotiate a 'clear sailing arrangement,' and (3) when the agreement contains a 'kicker' or 'reverter' clause that returns unawarded fees to the defendant, rather than the class." *Id.*

Finally, "the district court's decision to approve or reject a settlement is committed to the sound discretion of the trial judge . . ." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000) (cleaned up). Evaluation of the relevant settlement factors is "limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Officers for Justice v. San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982).

**B.   Application Of These Factors Shows The Settlement Should Be Approved.**

    **1.   Strengths On The Merits And Risks Of Continued Litigation.**

Continuing to trial presented potential risks to the Class. In addition to the fact questions left unresolved at summary judgment, and the attendant typical risks of adverse outcomes at trial,

Motion for Final Approval of Settlement - 3
No. 2:19-cv-00615-RAJ-SKV

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

Class Counsel's investigation confirmed that any insurance policy that might be available to satisfy a judgment has been exhausted, and that most remaining defendants are either judgment proof or would be judgment proof after expending assets to prepare for trial. Through examination of financial records, including sworn financial statements, Plaintiffs' counsel confirmed that the $520,000 of this settlement comprises all recoverable assets of the defendants. *See also* Mot. Preliminary Approval, Dkt. No. 335 and Ard Decl. iso Prelim. Approval, Dkt. No. 336.

### 2. The Complexity, Expense, and Likely Duration of Further Litigation.

Continuing to trial would have not only raised the risk of an ultimate adverse judgment, but, as Class Counsel's investigation confirmed, would also have run the very real risk of exhausting any available assets of the defendants, leaving the potential for no recovery in the event of a positive outcome.

### 3. The Settlement Amount.

The $520,000 Settlement, coming on top of an earlier $6,037,500 Partial Settlement, is an excellent result for the Class in light of all of the risks of continued litigation, and falls well within a range of what is considered fair, reasonable, and adequate. The earlier recovery already exceeded typical securities recoveries by many multiples; this further settlement raises the percent recovery for the Class. Atop the earlier partial settlement, this additional recovery increases the already superlative yield to the Class. Thus, the Settlement is well within the range of reasonableness. *In re OmniVision Techs., Inc.*, 559 F. Supp. 2d 1036, 1042 (N.D. Cal. 2008) (approving a settlement amount of 6%, after attorney's fees, of the total possible damages and noting that that was "higher than the median percentage of investor losses recovered in recent shareholder class action settlements"); *In re Heritage Bond Litig. v. U.S. Trust Co. of Tex., N.A.*, 2005 WL 1594389, *9 (C.D. Cal. June 10, 2005) (noting that the median amount recovered in settlement was 2.7% in 2002, 2.8% in 2003, and 2.3% in 2004); *In re Portal Software, Inc. Sec. Litig.*, 2007 U.S. Dist. LEXIS 88886, at *9 (N.D. Cal. Nov. 26, 2007) (Noting the "median percentages for all securities class actions in 2005 and 2006, which were approximately 3.1% and 2.4% respectively. . . For securities class action settlements below $50 million, median settlements as a percentage of estimated damages were

Motion for Final Approval of Settlement - 4

No. 2:19-cv-00615-RAJ-SKV

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

10.5% through year end 2005 and 8.8% in 2006... Accordingly, the amount here favors settlement.")

**4.    The Extent of Discovery Completed and the Stage of the Proceedings.**

By the time this Settlement had been reached, and as detailed in the Motion for Preliminary Approval, the case had seen extensive discovery and dispositive motion practice And was preparing for trial.

**5.    The Experience and Views of Counsel.**

Courts give considerable weight to the opinion of experienced and informed counsel who support settlement. In deciding whether to approve a proposed settlement of a class action, "[t]he recommendations of plaintiffs' counsel should be given a presumption of reasonableness." *OmniVision*, 559 F. Supp. 2d at 1043 (citation omitted). In *OmniVision*, the court held that the recommendation of counsel weighed in favor of settlement given their familiarity with the dispute and their significant experience in securities litigation. *Id*. Here, Class Counsel have a thorough understanding of the merits of the Action and extensive experience in securities class action litigation. Dkt. 199, Ex. 50 (*Curriculum Vitae* of Joel Ard), Ex. 51 (CV of Angus Ni), Ex. 52 (CV of William Restis). Class Counsel and Hunichen believe the Settlement is fair, reasonable and adequate.

**6.    Presence Of A Governmental Participant.**

Here, there was no governmental participant in the Action. Neither the SEC not the Washington State Department of Financial Institutions has filed any enforcement action related to the ATMI ICO. This Settlement presents the only opportunity for recovery for the Settlement Class. Moreover, there has been no response to the CAFA Notice. *See* Dkt. No. 344.

**7.    Reaction of the Settlement Class to Date.**

Perhaps the most important factor, this strongly favors approval. Out of 75 SAFT investors sent notice for the initial partial Settlement, 45 filed claims, representing 60% of the SAFT investors. Dkt. No. 344 ¶ 10. Every one of them filed a claim for this Settlement, and none objected or sought exclusion, an overwhelmingly positive response. *Id*. ¶ 13. This high "take rate" by Class

No. 2:19-cv-00615-RAJ-SKV

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

Members indicates they were pleased with the Settlement's benefits. *See In re Extreme Networks, Inc. Sec. Litig.*, 2019 U.S. Dist. LEXIS 121886, at *21 (N.D. Cal. July 22, 2019) ("Class counsel represented at the hearing that this notice process resulted in approximately 14% of the potential class submitting claims. This response rate is substantial."); *Messineo v. Ocwen Loan Servicing, LLC*, 2017 U.S. Dist. LEXIS 26456, at *19-20 (N.D. Cal. Feb. 24, 2017) ("In light of the 9.26% claim rate, one opt-out, and zero objections, this factor strongly favors final approval."); *In re Linkedin User Privacy Litig.*, 309 F.R.D. 573, 589 (N.D. Cal. 2015) (approving settlement with claim rate of 5.93%); *Moore v. Verizon Commc'ns Inc.*, 2013 WL 4610764, at *8 (N.D. Cal. Aug. 28, 2013) (approving class action settlement with 3% claim rate).

No Class Member objected to the proposed Settlement and no one opted out. Dkt. No. 344 ¶ 13. This too indicates a positive reaction to the Settlement and supports approval. *McPhail v. First Command Fin. Planning, Inc.*, 2009 U.S. Dist. LEXIS 26544, at *17-18 (S.D. Cal. Mar. 30, 2009) ("The presence of a small minority of objectors strongly supports a finding that the settlement is fair, reasonable, and adequate"); *In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 175 (S.D.N.Y. 2000) ("If only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement.")

### C.  Rule 23(e)(2) Factors Also Show The Settlement Is Fair, Adequate, And Reasonable.

As noted above, and described in detail by the Ninth Circuit in *Briseno*, 998 F.3d at 1022, these factors significantly overlap with factors analyzed above.

#### 1.  Plaintiff And Counsel Have Adequately Represented The Class.

Plaintiff, like all Class Members, invested Ethereum into the Atonomi ICO and was promised delivery of a corresponding amount of ATMI tokens. Plaintiff and Class Members were all allegedly sold unregistered securities. Thus, Plaintiff's interest in establishing Defendants' liability and maximizing recovery aligns with all Class Members.

Plaintiff has demonstrated this by competently and diligently representing the interests of the Class, as evidenced by his active participation in this protracted, hard-fought litigation. *See e.g.,* Dkt. No. 206, ¶¶ 12-13, 17, 25. *See also* Dkt. No. 234, at 11-12. As such, Plaintiff has an informed

Motion for Final Approval of Settlement - 6

No. 2:19-cv-00615-RAJ-SKV

Ard Law Group PLLC

P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

understanding of the claims, and supports the Settlement. *See also* Hunichen Decl. ISO Final Approval, *passim*. As noted above, Plaintiff also retained knowledgeable and experienced counsel.

### 2. The Settlement Is The Result Of Arm's-Length Negotiations.

Here, after completing all discovery and after motions for summary judgment, and during trial preparation, Plaintiffs' counsel engaged in a thorough investigation of the prospect of actual financial recovery in the event of a favorable judgment after trial. This investigation revealed that the settlement reflects the maximum possible recovery, and one that would be dissipated by the expense of trial preparation. In other words, even emerging victorious from trial would yield less for the Class. Moreover, the Agreement provides no clear sailing provision or specific amounts, and leaves such payments where they belong, in the sole discretion of the District Court. *Id.*, ¶¶ 63-72. And as discussed in the next section, Hunichen is only entitled to his same *pro rata* share of recovery as all other Class Members. This supports final approval. "The involvement of experienced class action counsel and the fact that the settlement agreement was reached in arm's length negotiations, after relevant discovery had taken place creates a presumption that the agreement is fair." *Linney v. Cellular Alaska P'ship*, 1997 WL 450064, at *5 (N.D. Cal. July 18, 1997); *Hicks v. Morgan Stanley*, 2005 WL 2757792, at *5 (S.D.N.Y. Oct. 24, 2005) ("A breakdown in settlement negotiations can tend to display the negotiation's arms-length and noncollusive nature.") (citation omitted).

### 3. The Relief Provided To The Settlement Class Is Adequate.

Rule 23(e)(2)(C) requires the Court to consider a number of factors to determine whether "the relief provided for the class is adequate." The "costs, risks, and delay of trial and appeal," are discussed above, and this supports final approval. *Cf.* Rule 23(e)(2)(C)(i). The remainder of Rule 23(e)(2)(C) seeks inquiry into the "effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims," the terms of any award of attorneys' fees, and collateral agreements to the Settlement. Rule 23(e)(2)(C)(ii)-(iv).

Motion for Final Approval of Settlement - 7
No. 2:19-cv-00615-RAJ-SKV

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

**(a)    The Claims Process and Proposed Plan of Allocation Is Effective.**

As laid out in detail in the Preliminary Approval Motion, the Plan of Allocation is to pay Notice and Administration Costs, taxes and tax expenses, any Fee and Expense Award to Class Counsel at the Court's discretion, resulting in a Net Settlement Fund comprising the majority of the Settlement Fund. Dkt 335, at 3-4.

Using the formulas contained in the Agreement and disclosed in the Long Form Notice, the Administrator will calculate claimants' recognized losses using the transaction information provided by claimants in their Claim Forms, which could be mailed to the Administrator, or submitted online using the settlement website. *See e.g.*, Dkt. No. 336-4.

Any Claim rejections can be contested by Class Members, who are allowed to cure perceived deficiencies. Class Counsel and the Administrator can waive non-material deficiencies in a Claim Form. In light of the fact that 43 of the 45 claimants already participated in the previous partial settlement, and the two new claimants do not now appear to have any deficiencies, Class Counsel expect this to remain a non-issue.

The Settlement's Plan of Allocation will pay Class Members *pro rata* based on the US dollar value of consideration they paid on the date of investment, minus the US dollar value of any consideration received from selling ATMI tokens on the date such consideration was received. *See generally* Dkt. 335, at 2-3. This tracks the formula specified in RCW 21.20.430(1), and ensures that all claimants are treated equally.

Once the Claims Administrator has processed all submitted claims, notified claimants of deficiencies or ineligibility, processed responses, and made claim determinations, distributions will be made to eligible claimants using wires, PayPal, and checks. If claimants do not cash their Claim checks within a reasonable time, uncashed funds may be re-distributed to those Class Members that did take custody of their Claim funds. Here again, given that 43 of the 45 claimants have received funds from the earlier partial settlement, Class Counsel expect this to be a non-issue. Once it is determined that additional redistributions are not cost effective, the remaining balance

Motion for Final Approval of Settlement - 8
No. 2:19-cv-00615-RAJ-SKV

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

will be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s), to be recommended by Class Counsel and approved by the Court. *Id.*

### (b)   The Fee Award Is Reasonable.

None of the three *Bluetooth* factors is present here. Counsel do not seek to receive a disproportionate amount of the Settlement Fund; instead, the majority of the fund will be distributed in cash to claimants. The Settlement does not contain any kind of clear sailing agreement. And no portion of the fund reverts to the Settling Defendants. Further, the amount is reasonable. *See* Dkt. 339 (Fee Motion). Counsel seek an award of attorneys' fees and expenses pursuant to the common fund doctrine. The request is fully within the discretion of the Court, was not negotiated with Defendants, and is separate from the Settlement.

### (c)   Other Agreements.

Rule 23(e)(3) requires that "the parties seeking approval must file a statement identifying any agreement made in connection with the proposal." Here, there are no agreements *separate* from the Settlement Agreement itself. *See* Ard Decl. ¶ 10; *cf.* MANUAL COMPLEX LITIG. (Fourth) § 21.631 at 319 (2004) (Rule 23(e)(3)'s purpose is to expose agreements that "might have affected the interests of class members by altering what they may be receiving or foregoing.")

## 4.   The Settlement Treats Class Members Equitably.

As explained below, under the Plan of Allocation, claimants' losses will be calculated in the same manner for all investors, based on the consideration that investors paid. For all claimants, settlement payments will be distributed *pro rata*, based on the relative amounts of their losses.

## IV. CONCLUSION.

Atonomi's ICO occurred nearly six years ago; investors lost the entirety of their invested funds when the ATMI token lost all value as soon as it begin trading. The Court granted preliminary approval to the Settlement under Rules 23(a) and (b)(3). Dkt. No. 338. Since that date, the response of the Class has been overwhelmingly positive. This Court should grant final approval to the Settlement so that the Administrator can promptly begin distribution of the settlement proceeds, allowing investors to recoup losses they incurred in 2018.

MOTION FOR FINAL APPROVAL OF SETTLEMENT - 9
No. 2:19-cv-00615-RAJ-SKV

ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

June 4, 2024.

I certify that this memorandum contains 3,180 words, in compliance with the Local Civil Rules.

Ard Law Group PLLC

By: /signature/

Joel B. Ard, WSBA # 40104
Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
206.701.9243
Joel@Ard.law
Attorneys for Plaintiffs and Counter-Defendants

AFN Law PLLC

By: /signature/

Angus F. Ni, WSBA # 53828
AFN Law PLLC
506 2nd Ave, Suite 1400
Seattle, WA 98104
646.543.7294
Attorneys for Plaintiffs and Counter-Defendants

The Restis Law Firm, P.C

By: /s/ William R. Restis

William R. Restis (admitted pro hac vice)
225 Broadway, Suite 2220
San Diego, CA 92101
619.270.8383
william@restislaw.com
Attorneys for Plaintiffs and Counter-Defendants

Motion for Final Approval of Settlement
No. 2:19-cv-00615-RAJ-SKV

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243