THE HONORABLE RICHARD A. JONES
(On Reference to the Honorable S. Kate Vaughn)

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

CHRIS HUNICHEN, individually and on behalf of all others similarly situated,

*Plaintiff,*

v.

ATONOMI LLC, a Delaware LLC, CENTRI TECHNOLOGY, INC., a Delaware Corporation, VAUGHAN EMERY, DAVID FRAGALE, ROB STRICKLAND, DON DELOACH, WAYNE WISEHART, WOODY BENSON, MICHAEL MACKEY, and JAMES SALTER,

*Defendants.*

ATONOMI LLC, a Delaware LLC,

*Counterclaimant,*

v.

CHRIS HUNICHEN,

*Counter-Defendant.*

ATONOMI LLC, a Delaware LLC,

*Third Party Plaintiff,*

v.

DAVID PATRICK PETERS, SEAN GETZWILLER, DAVID CUTLER, CHANCE KORNUTH, and DENNIS SAMUEL BLIEDEN,

*Counter-Defendants.*

No. 2:19-cv-00615-RAJ-SKV

[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FINAL JUDGMENT

ORDER AND FINAL JUDGMENT - i
No. 2:19-cv-00615-RAJ-SKV

ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

This matter came before the Court on June 28, 2024, upon Plaintiff's motion for final approval of the proposed Settlement set forth in the Agreement of Class Action Settlement and Release (the "Agreement") between Plaintiff and all remaining Defendants and Motion for Award of Fees and Expenses (Dkt. No. 339).

The Court has considered the Motions and exhibits thereto, all papers filed and proceedings related to the Settlement herein, and the record in the Action as a whole.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. This Order and Final Judgment incorporates by reference the definitions in the Agreement. All capitalized terms, unless otherwise defined herein, shall have the same meanings as set forth in the Agreement.

2. This Court has jurisdiction over the subject matter of the Action, the Parties, and all members of the Class.

3. The Court finds that Notice was given to Class Members in accordance with the Order Preliminarily Approving Settlement entered on February 15, 2024 (Dkt. 338). As described in the Declaration of Luiggy Segura, Notice has been successful and was (1) the best notice practicable under the circumstances, (2) constituted notice that was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Litigation and their rights to object to and/or exclude themselves from the Settlement Agreement and to appear at the Final Approval Hearing; (3) was reasonable and constituted due, adequate, and sufficient notice to all individuals entitled to receive notice; and (4) fulfilled all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause, and the rules of the Court.

4. The Court finds that all notices and requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, have been satisfied. No written objections or responses to the Settlement Agreement were filed by any federal or state official, and no such federal or state official appeared or requested to appear at the Final Approval Hearing.

5. No member of the Class objected to any of the terms of the Settlement Agreement or sought exclusion from the Settlement. This Court gives final approval to the Settlement and

ORDER AND FINAL JUDGMENT - 1
No. 2:19-cv-00615-RAJ-SKV

ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

finds that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the members of the Class. The consideration provided under the Settlement Agreement constitutes fair value given in exchange for the release of the Released Claims against the Released Parties. The Court finds that the consideration to be paid to the members of the Class is reasonable, and in their best interests, considering the total value of their claims compared to the disputed factual and legal circumstances of the Litigation, and the potential risks and likelihood of success of pursuing litigation on the merits. The complex legal and factual posture of this case and the fact that the Settlement is the result of arms' length negotiations between the Parties support this finding. The Court finds that these facts, combined with the lack of other indicators of collusion and the Court's observations throughout the litigation, demonstrate that there was no collusion present in the reaching of the Settlement Agreement, implicit or otherwise. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011). This finding is also supported by, among other things, the fact that the Settlement provides monetary benefits to the Class that are not disproportionate to the attorneys' fees and expenses awarded to Class Counsel; and the benefits provided to the Class are appropriate under the circumstances of this case. The Court has specifically considered the factors relevant to class settlement approval including, inter alia, the strength of the Plaintiff's case; the risk, expense, complexity and likely duration of further litigation; the risk of not maintaining class action status throughout trial; the relief provided for in the settlement; the extent of discovery completed and stage of the proceedings; the experience and views of counsel; and the reaction of members of the Class to the proposed Settlement (including the claims submitted and lack of any objections)—and upon consideration of such factors finds that the Settlement is fair, reasonable, and adequate as to, and in the best interests of, the Class.

6. The Court finds that the Class Representative and Class Counsel adequately represented the Class for the purposes of litigating this matter and entering into and implementing the Settlement Agreement.

7. Accordingly, the Settlement is hereby finally approved in all respects, and the Parties and their counsel are hereby directed to implement and consummate the Settlement

ORDER AND FINAL JUDGMENT - 2

No. 2:19-cv-00615-RAJ-SKV

ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

Agreement according to its terms and provisions, except as otherwise expressly directed herein. The Settlement Agreement is hereby incorporated into this Final Judgment in full and shall have the full force of an Order of this Court.

8. The Court gives final approval to the Plan of Allocation, and finds that the Plan of Allocation is fair, reasonable and adequate, and is based on a reasonable and rational basis. The Court further finds that the Plan of Allocation appropriately allocates the Net Settlement Fund among authorized claimant Settlement Class Members based on a formula reasonably related to their underlying claim under RCW 21.20.430(1), in a manner that treats all Class Members equitably relative to each other, and does not grant preferential treatment to the Plaintiff or other segments of the Class.

9. The Court adjudges that the payment of $156,000 in attorneys' fees and litigation expenses in the amount of $2,211.24 (the "Fee Award") is fair and reasonable for the following reasons and those stated in Court. In assessing the requested attorneys' fees, the Court has considered the relief achieved for the Settlement Class, the time and effort devoted by Class Counsel as demonstrated by their sworn declarations, and the complexity of the legal and factual issues involved. The Court finds that the Fee Award to Class Counsel identified above is fair and reasonable under both a common fund approach and a lodestar approach. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th Cir. 2002); *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975).

10. The Court further adjudges that the reimbursement to Class Counsel of $28,192.48 in previously incurred out-of-pocket costs for the Notice required by the Class Certification Order and Preliminary Approval Order. Such payment shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement, with the balance of the $50,000 allocated to administration of the Settlement and payment of the net settlement fund to be released to the Administrator.

11. The Court orders the Administrator and Escrow Agent to effectuate the terms of the Agreement in all respects, including to distribute the Settlement Fund pursuant to the Agreement

ORDER AND FINAL JUDGMENT - 3
No. 2:19-cv-00615-RAJ-SKV

ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

and this Final Order to such Class Members who submitted valid Claims (except as otherwise expressly directed herein), and to pay all costs and expenses reasonably and actually incurred, including Notice and Administration Costs, taxes and tax expenses, the Fee and Cost Award and Service Award, and other expenses reasonably and actually incurred in the administration of the Settlement, and to perform all other duties and responsibilities that remain under the Agreement and this Final Order. The Court hereby orders that the Administrator and Escrow Agent shall be granted such reasonable time as necessary to accomplish payment of Claims to Class Members, including concerning any Class Members whose Claims may be impacted by sanctions related to Russia's invasion of Ukraine.

12. The Court orders the Parties and their counsel to carry out, or cause to be carried out, all other obligations under the Agreement.

13. The Claims Administrator shall post a copy of this Final Order on the Settlement Website within five (5) days of entry of this Order.

14. Except as otherwise set forth in this Order and the Settlement Agreement, the Parties shall bear their own costs and attorneys' fees.

15. Upon the Effective Date, Plaintiff and all other Class Members shall be deemed to have fully, finally, and forever released, relinquished, and discharged all Released Claims against all of the Released Parties, with prejudice.

16. Neither the Agreement nor the Settlement terms set forth therein, nor any act performed or document executed pursuant to or in furtherance of the Agreement or the Settlement, is or may be deemed to be or may be used as: (a) an admission or concession of, or evidence of, the validity of any Released Claim or any fault, wrongdoing, or liability of the Defendants; (b) an admission or concession by Plaintiff or any Class Member of any infirmity in the claim asserted in the Second Amended Complaint; or (c) an admission or concession of, or evidence of, any fault, wrongdoing, or liability of any of the Released Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Released Parties may file the Agreement and/or this Order and Final Judgment in any action that may be

ORDER AND FINAL JUDGMENT - 4

No. 2:19-cv-00615-RAJ-SKV

ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, equitable estoppel, judicial estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim. Any of the settling Parties may file the Agreement and documents executed in furtherance thereof in any action to enforce the Settlement.

17. Without affecting in any way the finality of this Order and the final Judgment, the Court reserves continuing and exclusive jurisdiction for purposes of administering, interpreting, implementing, effectuating, and enforcing the Settlement as set forth in the Agreement, the Plan of Allocation and distribution of the Settlement Fund, and the Claims and Released Claims of any Russian Class Members, and matters within the scope of this Final Order and Judgment, and matters appertaining thereto. Without further Order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Agreement.

18. The Second Amended Complaint herein is dismissed on the merits with prejudice as against the Defendants and without costs except for the payments expressly provided for in the Agreement.

19. There is no just reason for delay and accordingly the Court directs the Clerk of the Court to enter this Order and Final Judgment.

Dated this 28th day of June.

_____
The Honorable James L. Robart
United States District Judge

ORDER AND FINAL JUDGMENT - 5
No. 2:19-cv-00615-RAJ-SKV

ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

Presented this 18th day of June, 2024.

          ARD LAW GROUP PLLC

By: *[signature]*

Joel B. Ard, WSBA # 40104
ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
206.701.9243
Joel@Ard.law
Attorneys for Plaintiffs and Counter-Defendants

          AFN LAW PLLC

By: *[signature]*

Angus F. Ni, WSBA # 53828
AFN LAW PLLC
506 2nd Ave, Suite 1400
Seattle, WA 98104
646.543.7294
Attorneys for Plaintiffs and Counter-Defendants

          THE RESTIS LAW FIRM, P.C

By: */s/ William R. Restis*

William R. Restis (admitted pro hac vice)
225 Broadway, Suite 2220
San Diego, CA 92101
619.270.8383
william@restislaw.com
Attorneys for Plaintiffs and Counter-Defendants

ORDER AND FINAL JUDGMENT
No. 2:19-cv-00615-RAJ-SKV

ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243